# Exhibit A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

| | |
|---|---|
| In re:<br><br>PLATINUM PARTNERS VALUE<br>ARBITRAGE INTERMEDIATE FUND LTD.<br>(IN OFFICIAL LIQUIDATION),[1]<br><br>Debtors in<br>Foreign Proceedings. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |

------------------------------------------------X

**ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE**

Upon the motion of Margot MacInnis and Cosimo Borrelli, duly appointed joint official liquidators (the "Petitioners" or "Liquidators") of Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation) (the "Intermediate Fund") which has been placed into liquidation (the "Cayman Liquidation") by the Financial Services Division of the Grand Court of the Cayman Islands (the "Grand Court") (Cause No. FSD 30 of 2017 (AJJ)) pursuant to a petition for the winding up of the Intermediate Fund under section 92 of the Companies Law of the Cayman Islands (2016 Revision) (the "Companies Law"), seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition, the MacInnis Declaration, the Lambert Declaration, together with all exhibits thereto, in support of the Petition, the hearing having been held on _____, 2017, and the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given by the Liquidators, pursuant to section 1514 of the Bankruptcy Code;

---

[1] The last four digits of the debtor's United States Tax Identification Number, or similar foreign identification number, is 9530.

and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated February 1, 2012.

B. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(3).

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. The Liquidators are the "foreign representatives" of the Intermediate Fund pursuant to 11 U.S.C. § 101(24).

E. The chapter 15 case of the Intermediate Fund were properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F. The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G. The Cayman Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23).

H. The Cayman Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I. The Cayman Liquidation is pending in the Cayman Islands, the country where the Intermediate Fund's center of main interests is located, and accordingly, the Cayman Liquidation

is the foreign main proceeding pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as the foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.   The Liquidators are entitled to all of the relief provided under 11 U.S.C. § 1520 and 1521 without limitation.

K.   The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1.   **ORDERED**, that the Petition is granted as set forth herein;

2.   **ORDERED**, that the Cayman Liquidation is recognized as the foreign main proceedings pursuant to 11 U.S.C. §§ 1517(a) and (b)(1);

3.   **ORDERED**, that all persons and entities (other than the Liquidators and their expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521, from:

(1)   executing against the Intermediate Fund's property or assets;

(2)   taking or continuing any act to obtain possession of, or exercise control over, the Liquidators (with respect to the Intermediate Fund), the Intermediate Fund, or any of the Intermediate Fund's property or assets;

(3)   taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Liquidators (with respect to the Intermediate Fund), the Intermediate Fund or any of the Intermediate Fund's property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to the Intermediate Fund or any of the Intermediate Fund's property or assets; and

(4)   transferring, relinquishing or disposing of any property of the Intermediate Fund to any person or entity other than the Liquidators;

and it is further

4. **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the Cayman Liquidation; and it is further

5. **ORDERED**, that 11 U.S.C. § 1521(a)(1)–(3) shall be effective with respect to the Cayman Liquidation and/or the stay, as provided for by Section 97(1) of the Companies Law, shall be effective in the United States of America pursuant to 11 U.S.C. § 1507; and it is further

6. **ORDERED**, that the Liquidators or any third person acting pursuant to the Liquidators' instructions or agreement may transfer funds or property belonging to the Intermediate Fund into or out of the United States of America in accordance with their respective obligations to the Intermediate Fund or under the Cayman Liquidation; and it is further

7. **ORDERED**, that the Liquidators are hereby authorized to examine witnesses, take evidence, and compel the production of documents, including by subpoena, within the territorial jurisdiction of the United States without further Order of this Court, concerning the assets, affairs, rights, obligations or liabilities of the Intermediate Fund, the Intermediate Fund's affiliates and related entities by:

   a. issuing discovery requests to intermediary banks that process U.S. dollar-denominated wire transfers and maintain records of such transfers;

   b. upon written request, obtaining turnover of any and all documents, records, filings, or other information, however stored, including but not limited to emails that are property of, concern or were made or issued on behalf of the Intermediate Fund, from any person or entity subject to this Court's jurisdiction; and

   c. upon service of this order, prohibiting all persons and entities subject to the jurisdiction of this Court from destroying, secreting, altering, deleting or otherwise disposing of any electronic data, documents, records, filings, or other information, however stored, concerning or relating to the assets, affairs, rights, obligations or liabilities of the Intermediate Fund; and it is further

8.  **ORDERED**, that the Liquidators are authorized to operate the business of the Intermediate Fund that is the subject of Cayman Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521; and it is further

9.  **ORDERED**, that the Liquidators are hereby granted authority to assert claims of the Intermediate Fund against parties that are subject to jurisdiction in the United States of America; and it is further

10. **ORDERED**, that the administration or realization of all or part of the assets of the Intermediate Fund within the territorial jurisdiction of the United States of America, if any, is hereby entrusted to the Liquidators and the Liquidators are hereby established as the exclusive representatives of the Intermediate Fund in the United States of America; and it is further

11. **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

12. **ORDERED**, that, notwithstanding Bankruptcy Rule 7062, made applicable to these chapter 15 cases by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated: _____, 2017

THE HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE