MORGAN, LEWIS & BOCKIUS LLP

Joshua Dorchak
Matthew C. Ziegler
Melissa Y. Boey
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6700
Facsimile: (212) 309-6000

- and -

John C. Goodchild, III
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5020
Facsimile: (215) 963-5001

*Counsel to Margot MacInnis and Cosimo Borrelli, as
Joint Official Liquidators of Platinum Intermediate Fund*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

| | |
|---|---|
| In re:<br><br>PLATINUM PARTNERS VALUE<br>ARBITRAGE INTERMEDIATE FUND LTD.<br>(IN OFFICIAL LIQUIDATION),[1]<br><br>　　　　　Debtors in<br>　　　　　Foreign Proceedings. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |

------------------------------------------------X

**DECLARATION OF MARGOT MACINNIS IN SUPPORT OF
CHAPTER 15 PETITION FOR RECOGNITION AS FOREIGN MAIN PROCEEDING**

I, **MARGOT MACINNIS**, hereby declare under penalty of perjury under the laws of the United States as follows:

---

[1] The last four digits of the debtor's United States Tax Identification Number, or similar foreign identification number, is 9530.

1. My colleague Cosimo Borrelli and I are the duly appointed joint official liquidators (the "Liquidators" or "Petitioners") of Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation) (the "Intermediate Fund"). I also serve as the duly appointed joint official liquidator and foreign representative of Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) (the "International Fund"), along with my colleague Nilani Perera.

2. The Intermediate Fund and the International Fund, as well as Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (the "Master Fund") (collectively, the "Funds"), are in liquidation pursuant to the orders[2] of the Financial Services Division of the Grand Court of the Cayman Islands (the "Grand Court"). The orders were issued pursuant to section 92 of the Companies Law of the Cayman Islands (2016 Revision) (the "Companies Law"). The liquidation of the Intermediate Fund is referred to herein as the "Cayman Liquidation." The Master Fund and International Fund are currently in chapter 15 proceedings before this Court (Case No. 16-12925 (jointly administered)).

3. I respectfully submit this declaration (the "Declaration") in support of the Liquidators' chapter 15 petition filed contemporaneously herewith ("Petition") seeking this Court's recognition of (i) the Cayman Liquidation for the Intermediate Fund as the "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1) and (ii) the Petitioners as "foreign representatives" of the Intermediate Fund, pursuant to 11 U.S.C. § 1512.

4. I am duly authorized to make this Declaration on behalf of the Liquidators. I am fully familiar with the facts of this matter as a consequence of my day to day conduct in connection with the Cayman Liquidation. Unless otherwise indicated, all statements contained

---

[2] The orders are referenced by Cause Nos. FSD 131 of 2016 (AJJ) (Master Fund); FSD 118 of 2016 (AJJ) (International Fund); and FSD 30 of 2017 (AJJ) (Intermediate Fund).

2

herein are true to the best of my knowledge and based upon my personal knowledge of the Intermediate Fund's operations and financial condition, my review of relevant documents and my conversations with relevant personnel. I am over the age of 18 and, if called to testify, would testify competently about the facts set forth herein.

5.      I am a qualified insolvency practitioner in the Cayman Islands and a Managing Director of Borrelli Walsh (Cayman) Limited ("Borrelli Walsh"). My colleague and fellow Liquidator, Cosimo Borrelli, is a founder and Managing Director of Borrelli Walsh. Mr. Borrelli is a qualified insolvency practitioner in Hong Kong and Singapore, and is regularly appointed by the Cayman courts as an official liquidator. We both meet the statutorily proscribed requirements under the Cayman Islands Insolvency Practitioners' Regulations (2008 Revision) to act as Liquidators.

6.      I am familiar with the Model Law on Cross-Border Insolvency, adopted by the United Nations Commission on International Trade Law (UNCITRAL), and approved by a resolution of the United Nations General Assembly on 15 December 1997. I also understand that the Model Law has been adopted in the United States as Chapter 15 of the Bankruptcy Code. [ In addition to serving as the foreign representative of the International Fund, Mr. Borrelli or I have previously been recognized as the foreign representatives of Cayman Islands-incorporated funds pursuant to Chapter 15 of the Bankruptcy Code for the estate of William & Patricia Millard, for the Sphinx Group of Companies, and for China Medical Technologies.

7.      I make this Declaration in my statutory capacity as an officer of the Grand Court, and request an extension of comity for the benefit of the Intermediate Fund, whose interests I represent.

8.  For the reasons discussed below, I submit that: (i) Mr. Borrelli and I are duly appointed "foreign representatives" of the Cayman Liquidation and that the Cayman Liquidation constitutes a "foreign proceeding" within the meaning of sections 101(23) and (24) of the Bankruptcy Code, respectively; (ii) this case was properly commenced in accordance with the requirements of Chapter 15 of the Bankruptcy Code; and (iii) the Cayman Liquidation satisfies all the requirements to be recognized as a "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

I.  **General Background**

9.  The Intermediate Fund is a Cayman Islands exempted company, incorporated on 9 April 2010 with registration number 239229. Its registered office was previously located at Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands. Upon the appointment of the Liquidators, the location of the Intermediate Fund's registered office was changed to Borrelli Walsh, G/F Harbour Place, PO Box 30847, Grand Cayman, KY1-1204. The Intermediate Fund is the third Cayman Islands entity in the offshore group structure which the Master Fund and International Fund are part of.[3]

10. This Court has already recognized the Master Fund's and the International Fund's liquidations in the Cayman Islands as the foreign main proceedings of those entities.[4]

11. The Intermediate Fund was intended to serve as a flow-through, tax efficient blocker entity between the Master Fund and the International Fund. The International Fund operates as an investment fund, which invests all of its investable capital in the Intermediate

---

[3] In addition to the Intermediate Fund, one additional fund acts as a direct feeder fund into, and is a limited partner of, the Master Fund. This entity is registered in Delaware and is known as Platinum Partners Value Arbitrage Fund (USA) L.P. (the "Onshore Fund").

[4] Further facts and details regarding the International Fund and the Master Fund can be found in the filed *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code*, Docket No. 1, and the supporting *Declaration of Christopher Barnett Kennedy in support of Chapter 15 Petitions for Recognition as Foreign Main Proceedings*, Docket No. 2, in the above-captioned case, and are incorporated by reference herein.

4

Fund. In turn, the Intermediate Fund invests all of its investable capital in, and serves as a limited partner of, the Master Fund. The Master Fund invests and trades in U.S. and non-U.S. financial instruments and other funds, as well as in certain other assets and holding companies.[5] Together, the master/feeder structure of the three Funds are referred to herein as the "PPVA Offshore Group."

12. In light of the PPVA Offshore Group structure, the sole assets of the Intermediate Fund are potential claims against the Master Fund on behalf of the International Fund's investors, and potential litigation claims against third parties whose conduct may have caused the failure and eventual liquidation of the three Funds.

13. The authorized share capital of the Intermediate Fund is US$50,000.00, divided into: (a) 100 Class M Shares of a nominal or par value of US$1.00 each, of which one share is issued and outstanding, registered in the name of the Platinum Partners Value Arbitrage, LP (the "Management Shareholder"); and (b) 4,990,000 Participating, Non-Voting Shares of a nominal or par value of US$0.01 each, of which the register of members shows no shares having been issued.

14. An unexecuted version of an Amended and Restated Limited Partnership Agreement of the Management Shareholder, effective 1 January 2011, which was provided to the Liquidators by Messrs. Wright and Kennedy, liquidators and foreign representatives of the Master Fund, indicates that the Management Shareholder is a Delaware limited partnership, and its general partner is Platinum Partners Value Arbitrage (GP) Corp., a Delaware corporation. The limited partners are stated to be Uri Landesman, Mark Nordlicht, and the Mark Nordlicht Grantor Trust. Mark Nordlicht is the sole director of the Management Shareholder.

---

[5] Further facts and details regarding the Master Fund or the International Fund's structure, assets, and liabilities, can be found in the *Declaration of Christopher Barnett Kennedy in support of Chapter 15 Petitions for Recognition as Foreign Main Proceedings* [Docket No. 2].

5

15. Pursuant to a Fourth Amended and Restated Investment Management Agreement dated 9 March 2007 (amended and restated as of 27 April 2007, 1 July 2010, 1 September 2010 and 1 December 2010), Platinum Management (NY) LLC acted as the investment manager (the "Investment Manager") for the Intermediate Fund. Separately, SS&C Technologies, Inc. serves as the administrator for the Intermediate Fund.

16. The Cayman Liquidation arose from the collapse of a set of investment funds promoted and managed by the Platinum group. As the Court may be aware, various entities in the Platinum group and individuals associated with former management of the Platinum group are currently subject to criminal and regulatory proceedings in the United States. The United States Attorney's Office for the Eastern District of New York filed a criminal indictment on December 14, 2016 against Mr. Nordlicht and six other executives of the Platinum Group.[6] To the best of the Liquidators' knowledge, Mr. Nordlicht is currently on release under the terms of a Release Order (as amended) approved by the District Court for the Eastern District of New York. The United States Securities and Exchange Commission has also filed a civil complaint, dated December 19, 2016 against the Investment Manager and eight others, including Mr. Nordlicht and the other individuals subject to the criminal indictment.[7] The SEC has obtained an order from the District Court for the Eastern District of New York appointing a third-party independent receiver over the assets of certain other Platinum Group entities associated with other funds managed by the Investment Manager.

17. Prior to the appointment of the Liquidators, control of the Company remained with Mr. Nordlicht. On February 6, 2017, the International Fund liquidators, as shareholders of the Intermediate Fund, petitioned the Grand Court to enter an order that the Intermediate Fund

---

[6] *United States v. Mark Nordlicht, et al.*, Criminal Docket No. 16-00640 (DLI) (E.D.N.Y.).
[7] *United States Securities and Exchange Commission et al v. Platinum Management (NY) LLC, et al.*, Civil Case No. 16-06848 (DLI) (VMS) (E.D.N.Y).

would be wound up ("Winding Up Petition"). A copy of the Winding Up Petition is attached herein as **Exhibit A**. Among other arguments, the Winding Up Petition asserted the following: (a) the ability of the Investment Manager, the Management Shareholder, and the Intermediate Fund to be appropriately managed has been significantly impaired under the current circumstances; (b) a formal insolvency process would allow court-appointed official liquidators to fully consider the affairs of the Intermediate Fund and ensure the efficient flow-through of any funds to be realized from the Master Fund for the benefit of the International Fund and its economic stakeholders; and (c) because the other key entities in the Intermediate Fund's master/feeder structure (the Master Fund and the International Fund), are both in official liquidation, the Intermediate Fund is necessarily unable to continue its operations; there is no active business for the Intermediate Fund to undertake.

18.     In response to the petition, the Grand Court entered an order on February 14, 2017 directing that the Intermediate Fund be wound up in accordance with the Companies Law, and appointing the Liquidators with immediate effect (the "Winding Up Order"). A copy of the Winding Up Order has been annexed hereto as **Exhibit B**.

II.     **Qualifications for recognition and jurisdiction in the United States**

19.     Mr. Borrelli and I have acted as joint liquidators of more than 100 Cayman Islands companies. We have also been recognized as foreign representatives pursuant to Chapter 15 in the past cases of cross-border insolvency involving Cayman Islands companies, including fund and alternative investment companies. In view of the foregoing, I submit that the case for Chapter 15 recognition of the Cayman Liquidation of the Intermediate Fund in this instance is entirely appropriate.

20.     Mr. Borrelli and I have overseen all facets of the ongoing Cayman Liquidation. Based on this experience, I am confident that the Intermediate Fund's "nerve center" is in the

Cayman Islands. All relevant parties of which I am aware are participating in the Cayman Liquidation, or have looked to the Liquidators for resolution, objection or instruction on issues concerning the Cayman Liquidation. These parties include, but are not limited to, the Securities and Exchange Commission, former management entities, direct counterparties, management of the related Platinum group entities, and the numerous creditors and investors of the Funds as a group. In addition to phone and email correspondence, Mr. Borrelli and I, along with the liquidators of the Master Fund and the International Fund, have also personally met with dozens of the Funds' major creditors and investors either directly or by their United States and Cayman Islands counsel.

21. I have been advised that in order to qualify for recognition under Chapter 15, the Petition must meet certain requirements. In particular, the Petition must be brought by a "foreign representative" in respect of a "foreign proceeding" that is pending before a "foreign court," all as defined in the Bankruptcy Code.

22. I am aware of the definition of "foreign representative," as referred to in 11 U.S.C. § 101(24), and I believe that the Liquidators qualify as such. The Liquidators were appointed by the Grand Court pursuant to the Companies Law and the Companies Winding Up Rules 2008 (as revised) ("CWR") to act as the joint official Liquidators of the Intermediate Fund. Among other things, the Liquidators are charged with administering, protecting, and liquidating the business and assets of the Intermediate Fund, and acting on behalf of the Intermediate Fund. The Liquidators also are authorized to bring or defend any action or legal proceeding in the name or on behalf of the Intermediate Fund, or for the benefit of its estate. As such, the Liquidators are the persons responsible for representing the Intermediate Fund in the Cayman Liquidation and in all related matters, including this matter. Accordingly, I respectfully submit that Mr.

Borrelli and I are "foreign representatives" of the Intermediate Fund within the meaning of section 101(24) of the Bankruptcy Code.

23.    I also have been advised that a "foreign court" is defined in section 1502 of the Bankruptcy Code as "a judicial or other authority competent to control or supervise a foreign proceeding." I respectfully submit that the Grand Court qualifies as a foreign court for purposes of section 1502.

24.    I understand that a "foreign proceeding" is defined as "a collective judicial . . . proceeding in a foreign country . . . under a law relating to insolvency or the adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23). I respectfully submit that the Cayman Liquidation qualifies as such, since by definition it is a liquidation proceeding pursuant to and governed by the Companies Law under the collective judicial supervision of the Grand Court for the benefit of all of the Intermediate Fund's creditors, shareholders, and other relevant parties in interest.

25.    I am also aware that section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if the foreign proceeding is pending in the country where the debtor has "the center of its main interests" ("COMI"). I understand that section 1516(c) of the Bankruptcy Code provides that a debtor's "registered office" is presumed to be the debtor's COMI in the absence of evidence to the contrary. The Intermediate Fund, along with the entities which are nominally above and below it in the master/feeder investment structure of which it is a part, were formed under the laws of the Cayman Islands and maintain their registered offices there. I believe that there is no basis for

rebutting this statutory presumption, and additional facts clearly support that the Intermediate Fund's COMI is the Cayman Islands.

26. A considerable amount of the Intermediate Fund's books, records, contracts operating agreements and other critical documentation were already located in, or have been transferred to, the Cayman Islands. The independent directors of the Intermediate Fund were based in the Cayman Islands, and the audit of the International Fund and the Intermediate Fund were carried out in, and issued by auditors in, the Cayman Islands.

27. I have reviewed the limited available documentation related to the Intermediate Fund. In all such documentation, the Intermediate Fund is referred to and addressed as a Cayman Islands company. As the Intermediate Fund was designed and intended to serve as a flow-through, tax efficient blocker entity, it has no equity holders, creditors, claimants, or even likely stakeholders apart from the Master Fund, the International Fund, and other entities in the Platinum group structure. The Master Fund and International Fund are both Cayman entities, and this Court has previously found the center of main interests for both of those entities to be located in the Cayman Islands.

28. The Intermediate Fund is in liquidation before a Cayman Islands court. Moreover, the Cayman Liquidation and its remaining affairs are largely being conducted from the Cayman Islands, and the work relating to the Liquidation has been and will continue to be supervised by me and my fellow Liquidator, and, ultimately, subject to the supervision and orders of the Grand Court.[8] To the best of my knowledge, no action in respect of the Intermediate Fund, whether transactional or litigation-related, can be taken without the express approval and consent of the Liquidators or the Grand Court.

---

[8] Notwithstanding that Mr. Borrelli is located in Hong Kong, rather than the Cayman Islands, Mr. Borrelli has extensive experience in insolvency, forensic accounting, investigation and valuations in the Cayman Islands, and has regularly been appointed as a liquidator in the Cayman Islands.

29. I believe it is clear that the "nerve center" of the Intermediate Fund has been the Cayman Islands since the commencement of the Cayman Liquidation, and similarly that the Cayman Islands is the Intermediate Fund's center of main interests.

30. In accordance with 11 U.S.C. § 1515(c), I am aware of no other pending foreign insolvency proceedings, except the Cayman Liquidation, in which the Intermediate Fund is the subject of the proceedings.

31. In accordance with Rule 1007-1(a)(4) of the Federal Rules of Bankruptcy Procedure, there are no known and pending actions in the United States of which the Intermediate Fund is named as a party. If any such litigation arises, the Liquidators are authorized under Cayman Islands law to act on behalf of the Intermediate Fund in defending against or prosecuting the litigation.

32. I believe that the relief requested in the Petition is necessary and appropriate and is in the best interests of the Court, the Intermediate Fund, and other parties in interest.

33. For all of these reasons, I respectfully request that this Court enter an Order: (i) recognizing my colleague, Cosimo Borrelli, and myself as duly authorized foreign representatives of the Intermediate Fund; (ii) recognizing the Cayman Liquidation as the foreign main proceeding under chapter 15 of the Bankruptcy Code; and (iii) granting such other and further relief as this Court may deem just and proper.

## STATEMENT PURSUANT TO SECTION 1515(c) OF THE BANKRUPTCY CODE

To the best of my knowledge, the Cayman Liquidation is the only foreign proceeding to which the Intermediate Fund is subject.

## PERSONS AUTHORIZED TO ADMINISTER FOREIGN PROCEEDINGS OF THE DEBTOR

The following individuals, with the corresponding business address, have been duly appointed by the Grand Court as the Joint Official Liquidators of the Intermediate Fund:

**Name and Address of Foreign Representatives:**

| | |
|---|---|
| Margot MacInnis | Cosimo Borrelli |
| BORRELLI WALSH | BORRELLI WALSH |
| G/F Harbour Place | Level 17, Tower 1 |
| 103 South Church Street | Admiralty Centre |
| George Town | 18 Harcourt Road |
| Grand Cayman KY1-1204 | Hong Kong |
| Cayman Islands | |

## PARTIES TO LITIGATION PENDING IN THE UNITED STATES

To the best of my knowledge, the Intermediate Fund is not currently a party to any pending litigation in the United States.

## CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO BANKRUPTCY RULES 1007(a)(4) AND 7007.1

The Liquidators hereby state that the following entity owns 10% or more of the equity of the Intermediate Fund:

*Platinum Partners Value Arbitrage, LP*

No other entity owns 10% or more of the equity of the Intermediate Fund.

## ALL ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS SOUGHT UNDER 11 U.S.C. § 1519

The Liquidators are not seeking provisional relief at this time, but intend to do so if it becomes necessary for the protection of the Intermediate Fund.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11 day of August, 2017 in Grand Cayman, Cayman Islands.

*[signature]*

**MARGOT MACINNIS**

*Joint Official Liquidator of the Intermediate Fund and the International Fund*