EXHIBIT A

**Cayman Liquidation Winding Up Petition**

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

CAUSE NO: FSD 00 30 OF 2017

**IN THE MATTER OF THE COMPANIES LAW (2016 REVISION)**

**AND IN THE MATTER OF PLATINUM PARTNERS VALUE ARBITRAGE
INTERMEDIATE FUND LTD.**

<u>**WINDING UP PETITION**</u>

**TO THE GRAND COURT:**

The humble petition of Platinum Partners Value Arbitrage Fund (International) Limited (in Official Liquidation) (the **Offshore Feeder Fund**), acting by its joint official liquidators Margot MacInnis and Nilani Perera (collectively, the **JOLs**), shows that:

1.      The petitioner, the Offshore Feeder Fund, is a company existing under the laws of the Cayman Islands. By an order of this Court dated 23 August 2016, the Offshore Feeder Fund was ordered to be wound up under the provisions of the Companies Law (2016 Revision) (the **Companies Law**) and Matthew Wright and Christopher Kennedy, both of RHSW (Cayman) Limited, were appointed joint official liquidators. By an order of this Court dated 16 December 2016, the resignation of Mr Wright and Mr Kennedy as joint official liquidators was noted and the JOLs were appointed in their place.

2.      The Offshore Feeder Fund seeks a winding up order in respect of the Company pursuant to section 92(e) of the Companies Law on the ground that it is just and equitable that the Company be wound up. The Offshore Feeder Fund is a creditor of the Company with standing under section 94(1)(b) of the Companies Law to present this petition. In the alternative, the Offshore Feeder Fund is a shareholder in the Company with standing under section 94(1)(c) of the Companies Law to present this petition.

3.      The Company is a Cayman Islands exempted company, incorporated on 9 April 2010 with registration number 239229. Its registered office is at Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands. The Company appears to have offices in New York, New York.

1

4.      The Company was intended to form part of a typical offshore/onshore master/feeder investment structure within a group of funds (collectively, the **Platinum Group**) formerly managed by Platinum Management (NY) LLC, a Delaware company (the **Investment Manager**). However, as described below, the legal and contractual integration of the Company into the Platinum Group structure as intended appears to be incomplete.

5.      The authorized share capital of the Company is US$50,000.00, divided into:

(a)      100 Class M Shares of a nominal or par value of US$1.00 each, of which one share is issued and outstanding, registered in the name of Platinum Partners Value Arbitrage, LP (the **Management Shareholder**); and

(b)      4,990,000 Participating, Non-Voting Shares of a nominal or par value of US$0.01 each, of which no registered shares have been issued.

6.      The Management Shareholder is a Delaware limited partnership. Platinum Partners Value Arbitrage (GP) Corp., a Delaware corporation, is the general partner of the Management Shareholder.

7.      The Investment Manager has been the investment manager for the Company. SS&C Technologies, Inc. (the **Administrator**) has been the administrator of the Company.

8.      The Platinum Group operating structure predated the incorporation of the Company. Prior to the incorporation of the Company, non-US or US-tax exempt investors would invest capital in the Offshore Feeder Fund. In turn, the Offshore Feeder Fund invested all of its investable capital in Platinum Partners Value Arbitrage Fund L.P., a Cayman Islands exempt limited partnership (the **Master Fund**). This Court ordered that the Master Fund be wound up under the provisions of the Companies Law (as applied by the Exempted Limited Partnership Law, 2014) and Mr Wright and Mr Kennedy are its joint official liquidators.

9.      The Company was intended to act as a flow-through, tax-efficient blocker entity in the Platinum Group, to be inserted in the corporate structure between the Offshore Feeder Fund and the Master Fund. The intention was that the Offshore Feeder Fund would invest

2

all of its investable capital in the Company, and in turn the Company would invest all of its investable capital in the Master Fund. The Company would replace the Offshore Feeder Fund as a limited partner in the Master Fund.

10.    However, for the following reasons, it appears the legal and corporate work necessary to implement that intention is incomplete:

(a)    no participating, non-voting shares in the Company have been issued to the Offshore Feeder Fund on the Company's register of members;

(b)    no documentation has been located evidencing the Company's accession to, or the Offshore Feeder Fund's withdrawal from, the limited partnership agreement governing the Master Fund;

(c)    no documentation has been located evidencing an assignment of the Offshore Feeder Fund's partnership interests in the Master Fund to the Company;

(d)    former management of the Platinum Group has represented that on or around 22 June 2010, the Offshore Feeder Fund ceased to be a limited partner of the Master Fund and the Company took its place as limited partner of the Master Fund;

(e)    the Company is party to agreements with, among others, the Offshore Feeder Fund and the Master Fund, that describe the flow of investment capital from the Offshore Feeder Fund to the Company to the Master Fund; and

(f)    the Administrator kept certain accounting records on the basis of investment capital flowing from the Offshore Feeder Fund to the Company to the Master Fund.

11.    This incomplete integration and implementation raises concerns about the legal and practical clarity of the rights, interests, obligations and liabilities that the Company may have in or against the Master Fund and the Offshore Feeder Fund. The lack of clarity particularly impacts the claims, rights and interests that the JOLs intend to assert against the Master Fund on behalf of the Offshore Feeder Fund (ultimately for the benefit of the creditors and shareholders of the Offshore Feeder Fund).

3

12.     Various Platinum Group entities and individuals associated with former management are subject to criminal and regulatory proceedings in the United States. The United States Attorney's Office for the Eastern District of New York filed a criminal indictment on 14 December 2016 against Mark Nordlicht, the sole director of the Company and the Chief Investment Officer of the Investment Manager, and six other Platinum Group executives. The United States Securities and Exchange Commission (the **SEC**) has filed a civil complaint dated 19 December 2016 against the Investment Manager and eight others, including Mark Nordlicht and the other individuals subject to the criminal indictment. The SEC has obtained an order from the United States District Court for the Eastern District of New York appointing Bart Schwartz of Guidepost Solutions, LLC as receiver of the assets of certain other entities affiliated with the Platinum Group. The ability of the Investment Manager, the Management Shareholder and the Company to be appropriately managed is significantly impaired in these circumstances.

13.     A formal insolvency process would allow court-appointed official liquidators to fully consider the affairs of the Company using the statutory tools available under the Companies Law, establish and confirm the relationship between the Offshore Feeder Fund and the Company and ensure the efficient flow-through of any funds to be realized from the Master Fund for the benefit of the Offshore Feeder Fund and its economic stakeholders.

14.     The other key entities in the Company's master/feeder structure, the Master Fund and the Offshore Feeder Fund, are both in official liquidation under the jurisdiction of this Court. Neither the Master Fund nor the Offshore Feeder Fund are currently carrying on the investment business for which purposes they were originally incorporated. With the collapse of the investment business of the master/feeder structure of which it is a part, there is no active business or object for the Company to undertake. The entities which are nominally above and below it in the investment structure – the Offshore Feeder Fund and the Master Fund – are being liquidated. The substratum of the Company has failed.

15.     The Company was incorporated for the benefit of the Offshore Feeder Fund and its investors, regardless of whether the intended legal integration in the Platinum Group was properly concluded or documented. As an intended flow-through entity between the Master Fund and the Offshore Feeder Fund, its interests are generally and most closely

4

aligned with the Offshore Feeder Fund. There are no realistic conflicts between the Company and the Offshore Feeder Fund that would justify a departure from the usual practice of this Court to appoint group liquidators.

16.    It is just and equitable in the circumstances that the Company be wound up and the JOLs' nominees appointed as joint official liquidators.

Your Petitioner therefore humbly prays that:

1.    The Company be wound up in accordance with the Companies Law.

2.    Margot MacInnis of Borrelli Walsh (Cayman) Limited of G/F Harbour Place, 103 South Church Street, Grand Cayman, Cayman Islands and Cosimo Borrelli of Borrelli Walsh Limited of Level 17, Tower 1, Admiralty Centre, 18 Harcourt Road, Hong Kong (collectively, the **Proposed JOLs**) be appointed as joint official liquidators of the Company with immediate effect.

3.    The Proposed JOLs shall not be required to give security for their appointment.

4.    In addition to the powers prescribed in Part II of the Third Schedule to the Companies Law (2016 Revision), the Proposed JOLs may also exercise, jointly or severally, the following powers set out in Part I of the Third Schedule to the Companies Law (2016 Revision) without further sanction or intervention from the Court:

    (a)    the power to engage attorneys and other professionally qualified persons to assist the JOLs in their performance of their functions in the Cayman Islands and the United States.

5.    No suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the Company except with leave of the Court pursuant to section 97 of the Companies Law.

5

6.    No disposition of the Company's property by or with the authority of the JOLs in the carrying out of their duties and functions and the exercise of their powers shall be avoided by virtue of section 99 of the Companies Law.

7.    The Offshore Feeder Fund's costs of this petition shall be paid out of the assets of the Company as an expense of the liquidation, such costs to be taxed if not agreed with the Proposed JOLs.

8.    The payment of all court fees in relation to the petition by the Offshore Feeder Fund be deferred.

AND your Petitioner will ever pray etc.

**DATED** the   \ ſ⁴   day of February, 2017.

HSM Chambers

**HSM Chambers**
Attorneys for Platinum Partners Value Arbitrage Fund
(International) Limited (in Official Liquidation)

**NOTE:**      This petition is intended to be served on the Company and:

Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation)
c/o RHSW (Cayman) Limited
PO Box 897
Windward 1, Regatta Office Park
Grand Cayman KY1-1103
Cayman Islands
**Attention: Matthew Wright/Christopher Kennedy**

Guidepost Solutions, LLC
415 Madison Avenue
11th Floor
New York, NY 10017
USA
**Attention: Bart Schwartz**

Platinum Partners Value Arbitrage, LP
c/o Platinum Management (NY) LLC
152 West 57th Street
4th Floor
New York, NY 10019
USA

Cayman Islands Monetary Authority
PO Box 10052
80 Shedden Road
Elizabethan Square
Grand Cayman KY1-1001
Cayman Islands
**Attention: Legal Division**

This Petition was presented by HSM Chambers,  attorneys for  Platinum Partners Value Arbitrage Fund (International) Limited (in Official Liquidation), whose address for service is 68 Fort Street, PO Box 31726, Grand Cayman KY1-1207 [Ref.: 419555.0001/ICL/MR]

## NOTICE OF HEARING

TAKE NOTICE THAT the hearing of this petition will take place at the Law Courts, George Town, Grand Cayman, on 14 February 2017 at 9:00am.

Any correspondence or communications with the Court relating to the hearing of this petition should be addressed to the Registrar of the Financial Services Division of the Grand Court at PO Box 495, Grand Cayman, KY1-1106, telephone 345 949 4296.