## Exhibit A


**Excerpts of Companies Law Provisions**

# CAYMAN ISLANDS



Supplement No. 5 published with Extraordinary Gazette No. 69 of 2nd September, 2016.

## COMPANIES LAW

### (2016 Revision)

Cap. 22 (Law 3 of 1961) of the 1963 Revised Edition of the Laws consolidated with Laws 12 of 1962, 9 of 1966, 1 of 1971, 7 of 1973, 24 of 1974, 25 of 1975, 19 of 1977, 16 of 1978, 8 of 1980, 21 of 1981, 34 of 1983, 2 of 1984, 22 of 1984, 15 of 1985, 38 of 1985, 24 of 1987, 14 of 1988, 14 of 1989, 10 of 1990, 3 of 1991, 23 of 1991 (part), 11 of 1992, 3 of 1993, 23 of 1993, 33 of 1993, 2 of 1994, 8 of 1994, 14 of 1996, 26 of 1997, 4 of 1998, 6 of 1998, 20 of 1998 (part), 5 of 1999, 7 of 2000 (part), 5 of 2001, 10 of 2001, 29 of 2001, 46 of 2001, 22 of 2002, 26 of 2002, 28 of 2003, 13 of 2006, 15 of 2007, 12 of 2009, 33 of 2009, 37 of 2010, 16 of 2011, 29 of 2011, 6 of 2012, 14 of 2012, 29 of 2012, 1 of 2013, 6 of 2013, 14 of 2015, 3 of 2016 and the Companies (Amendment of Schedule) Order, 2011.

Revised under the authority of the Law Revision Law (1999 Revision).

Originally enacted-

Cap. 22-1st January, 1964
Law 9 of 1966-14th March, 1966
Law 1 of 1971-8th January, 1971
Law 7 of 1973-28th June, 1973
Law 24 of 1974-22nd November, 1974
Law 25 of 1975-9th December, 1975
Law 19 of 1977-10th November, 1977
Law 16 of 1978-8th September, 1978
Law 6 of 1980-17th March, 1980
Law 21 of 1981-13th October, 1981
Law 34 of 1983-24th November, 1983
Law 2 of 1984-28th February, 1984
Law 22 of 1984-7th September, 1984
Law 15 of 1985-24th May, 1985
Law 38 of 1985-19th December, 1985
Law 24 of 1987-17th November, 1987
Law 14 of 1988-9th September, 1988
Law 14 of 1989-5th September, 1989
Law 10 of 1990-18th July, 1990
Law 3 of 1991-21st February, 1991
Law 23 of 1991-12th December, 1991
Law 11 of 1992-13th July, 1992
Law 3 of 1993-26th March, 1993
Law 23 of 1993-29th September, 1993
Law 33 of 1993-29th November, 1993
Law 2 of 1994-9th March, 1994
Law 8 of 1994-23rd September, 1994

Law 14 of 1996-5th September, 1996
Law 26 of 1997-15th December, 1997
Law 4 of 1998-4th March, 1998
Law 6 of 1998-9th March, 1998
Law 20 of 1998-15th February, 1999
Law 5 of 1999-14th April, 1999
Law 7 of 2000- 20th July, 2000.
Law 5 of 2001-20th April, 2001
Law 10 of 2001-25th May, 2001
Law 29 of 2001-26th September, 2001
Law 46 of 2001-14th January, 2002
Law 22 of 2002-5th December, 2002
Law 26 of 2002-5th December, 2002
Law 28 of 2003-3rd December, 2003
Law 13 of 2006-1st June, 2006
Law 15 of 2007-17th September, 2007
Law 12 of 2009-20th March, 2009
Law 33 of 2009-2nd December, 2009
Law 37 of 2010-15th September, 2010
Law 16 of 2011-11th April, 2011
Law 29 of 2011-18th November, 2011
Order of 2011-10th January, 2012
Law 6 of 2012-29th August, 2012
Law 14 of 2012-31st August, 2012
Law 29 of 2012-19th November, 2012
Law 1 of 2013-10th January, 2013
Law 6 of 2013-15th March, 2013
Law 14 of 2015-12th August, 2015
Law 3 of 2016-6th May, 2016.

Consolidated and revised this 28th day of July, 2016.

*Note (not forming part of the Law): This revision replaces the 2013 Revision which should now be discarded.*

*Companies Law (2016 Revision)*

## PART V - Winding up of Companies and Associations

### Preliminary

89.   In this Part-                                                         Definitions

"company" includes a foreign company in respect of which the Court has made
a winding up order;

"contributory" means -

    (a)   every person liable by virtue of section 49 to contribute to the
assets of a company in the event that it is wound up under this
Law; and

    (b)   every holder of fully paid up shares of a company;

"controller" means a person appointed by the Authority pursuant to the regulatory
laws to take control of a company;

"document" includes any device by means of which information is recorded or
stored;

"foreign company" means any body corporate incorporated outside the Islands;

"foreign practitioner" means a person who is qualified under the law of a foreign
country to perform functions equivalent to those performed by official liquidators
under this Law or by trustees in bankruptcy under the Bankruptcy Law (1997    1997 Revision
Revision);

"limited partnership" means an ordinary limited partnership registered in
accordance with section 49 of the Partnership Law (2013 Revision) or an    2013 Revision
exempted limited partnership registered in accordance with section 9 of the
Exempted Limited Partnership Law, 2014;    Law 5 of 2014

"official liquidator" means the liquidator of a company which is being wound up
by order of the Court or under the supervision of the Court and includes a
provisional liquidator;

"prescribed" means prescribed by the Insolvency Rules Committee;

"professional service provider" means a person who contracts to provide general managerial or administrative services to a company on an annual or continuing basis;

"qualified insolvency practitioner" means a person holding the qualifications specified in the regulations made by the Insolvency Rules Committee under section 155 or such other qualifications as the Court considers appropriate for the conduct of the winding up of a company;

"Rules" mean rules prescribed by the Insolvency Rules Committee;

"shadow director" means, in relation to a company, any person in accordance with whose directions or instructions the directors of the company are accustomed to act, but the person is not deemed to be a shadow director by reason only that the directors act on advice given by him in a professional capacity; and

"winding up order" includes an order that a voluntary winding up continue under the supervision of the Court and references to a company being wound up by the Court includes a company which is being wound up under the supervision of the Court.

Alternative modes of winding up

90.  A company may be wound up-

    (a)    compulsorily by order of the Court;

    (b)    voluntarily-

        (i)    by virtue of a special resolution;

        (ii)    because the period, if any, fixed for the duration of the company by its articles of association has expired; or

        (iii)    because the event, if any, has occurred, on the occurrence of which its articles of association provide that the company shall be wound up; or

    (c)    under the supervision of the Court.

Jurisdiction of the Court

91.  The Court has jurisdiction to make winding up orders in respect of-

    (a)    an existing company;

    (b)    a company incorporated and registered under this Law;

    (c)    a body incorporated under any other law; and

    (d)    a foreign company which-

        (i)    has property located in the Islands;

        (ii)    is carrying on business in the Islands;

        (iii)    is the general partner of a limited partnership; or

        (iv)    is registered under Part IX.

*Companies Law (2016 Revision)*

## Winding up by the Court

92.    A company may be wound up by the Court if-

    (a)    the company has passed a special resolution requiring the company to be wound up by the Court;

    (b)    the company does not commence its business within a year from its incorporation, or suspends its business for a whole year;

    (c)    the period, if any, fixed for the duration of the company by the articles of association expires, or whenever the event, if any, occurs, upon the occurrence of which it is provided by the articles of association that the company is to be wound up;

    (d)    the company is unable to pay its debts; or

    (e)    the Court is of opinion that it is just and equitable that the company should be wound up.

*Circumstances in which a company may be wound up by the Court*

93.    A company shall be deemed to be unable to pay its debts if-

    (a)    a creditor by assignment or otherwise to whom the company is indebted at law or in equity in a sum exceeding one hundred dollars then due, has served on the company by leaving at its registered office a demand under his hand requiring the company to pay the sum so due, and the company has for the space of three weeks succeeding the service of such demand, neglected to pay such sum, or to secure or compound for the same to the satisfaction of the creditor;

    (b)    execution of other process issued on a judgment, decree or order obtained in the Court in favour of any creditor at law or in equity in any proceedings instituted by such creditor against the company, is returned unsatisfied in whole or in part; or

    (c)    it is proved to the satisfaction of the Court that the company is unable to pay its debts.

*Definition of inability to pay debts*

94.    (1)    An application to the Court for the winding up of a company shall be by petition presented either by-

    (a)    the company;

    (b)    any creditor or creditors (including any contingent or prospective creditor or creditors);

    (c)    any contributory or contributories; or

    (d)    subject to subsection (4), the Authority pursuant to the regulatory laws.

*Application for winding up*

    (2)    Where expressly provided for in the articles of association of a company the directors of a company incorporated after the commencement of this Law have the authority to present a winding up petition on its behalf without the sanction of a resolution passed at a general meeting.

*Companies Law (2016 Revision)*

(3)   A contributory is not entitled to present a winding up petition unless either-

(a)   the shares in respect of which he is a contributory, or some of them, are partly paid; or

(b)   the shares in respect of which he is a contributory, or some of them, either were-

  (i)   originally allotted to him, or have been held by him, and registered in his name for a period of at least six months immediately preceding the presentation of the winding up petition; or

 (ii)   have devolved on him through the death of a former holder.

(4)   A winding up petition may be presented by the Authority in respect of any company which is carrying on a regulated business in the Islands upon the grounds that it is not duly licensed or registered to do so under the regulatory laws or for any other reason as provided under the regulatory laws or any other law.

Powers of the Court

95.   (1)   Upon hearing the winding up petition the Court may-

(a)   dismiss the petition;

(b)   adjourn the hearing conditionally or unconditionally;

(c)   make a provisional order; or

(d)   any other order that it thinks fit,

but the Court shall not refuse to make a winding up order on the ground only that the company's assets have been mortgaged or charged to an amount equal to or in excess of those assets or that the company has no assets.

(2)   The Court shall dismiss a winding up petition or adjourn the hearing of a winding up petition on the ground that the petitioner is contractually bound not to present a petition against the company.

(3)   If the petition is presented by members of the company as contributories on the ground that it is just and equitable that the company should be wound up, the Court shall have jurisdiction to make the following orders, as an alternative to a winding-up order, namely-

(a)   an order regulating the conduct of the company's affairs in the future;

(b)   an order requiring the company to refrain from doing or continuing an act complained of by the petitioner or to do an act which the petitioner has complained it has omitted to do;

(c)   an order authorising civil proceedings to be brought in the name and on behalf of the company by the petitioner on such terms as the Court may direct; or

(d)   an order providing for the purchase of the shares of any members of the company by other members or by the company itself and,

in the case of a purchase by the company itself, a reduction of the company's capital accordingly.

(4)   Where an alternative order under subsection (3) requires the company not to make any, or any specified, alteration in the memorandum or articles of association, the company does not have power, without the leave of the Court, to make any such alteration in breach of that requirement.

(5)   Any alteration in a company's memorandum or articles of association made by virtue of an alternative order under subsection (3) is of the same effect as if duly made by resolution of the company, and the provisions of this Law shall apply to the memorandum or articles of association as so altered accordingly.

(6)   A copy of an alternative order made under subsection (3) altering, or giving leave to alter, a company's memorandum or articles of association shall be filed by the company with the Registrar within fourteen days of the making of the order.

96.   At any time after the presentation of a winding up petition and before a winding up order has been made, the company or any creditor or contributory may-

*Power to stay or restrain proceedings*

    (a)   where any action or proceeding against the company, including a criminal proceeding, is pending in a summary court, the Court, the Court of Appeal or the Privy Council, apply to the court in which the action or proceeding is pending for a stay of proceedings therein; and

    (b)   where any action or proceeding is pending against the company in a foreign court, apply to the Court for an injunction to restrain further proceedings therein,

and the court to which application is made may, as the case may be, stay or restrain the proceedings accordingly on such terms as it thinks fit.

97.   (1)   When a winding up order is made or a provisional liquidator is appointed, no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the company except with the leave of the Court and subject to such terms as the Court may impose.

*Avoidance of attachments and stay of proceedings*

(2)   When a winding up order has been made, any attachment, distress or execution put in force against the estate or effects of the company after the commencement of the winding up is void.

98.   When a winding up order is made, the liquidator shall-

*Notice of winding up order*

    (a)   file a copy of the winding up order with the Registrar; and

    (b)   publish notice of the winding up in the Gazette and any newspaper in which the winding up petition was advertised.

*Companies Law (2016 Revision)*

| | |
|---|---|
| Avoidance of property dispositions, etc. | 99.   When a winding up order has been made, any disposition of the company's property and any transfer of shares or alteration in the status of the company's members made after the commencement of the winding up is, unless the Court otherwise orders, void. |
| Commencement of winding up by Court | 100. (1)   If, before the presentation of a petition for the winding up of a company by the Court- |

     (a)   a resolution has been passed by the company for voluntary winding up;

     (b)   the period, if any, fixed for the duration of the company by the articles of association has expired; or

     (c)   the event upon the occurrence of which it is provided by the articles of association that the company is to be wound up has occurred,

the winding up of the company is deemed to have commenced at the time of passing of the resolution or the expiry of the relevant period or the occurrence of the relevant event.

(2)   In any other circumstance not specified in subsection (1), the winding up of a company by the Court is deemed to commence at the time of the presentation of the petition for winding up.

| | |
|---|---|
| Company's statement of affairs | 101. (1)   Where the Court has made a winding up order or appointed a provisional liquidator, the liquidator may require some or all of the persons mentioned in subsection (3) to prepare and submit to him a statement in the prescribed form as to the affairs of the company. |

(2)   The statement shall be verified by an affidavit sworn by the persons required to submit it and shall show-

     (a)   particulars of the company's assets and liabilities, including contingent and prospective liabilities;

     (b)   the names and addresses of any persons having possession of the company's assets;

     (c)   the assets of the company held by those persons;

     (d)   the names and addresses of the company's creditors;

     (e)   the securities held by those creditors;

     (f)   the dates when the securities were respectively given; and

     (g)   such further or other information that the liquidator may require.

(3)   The persons referred to in subsection (1) are-

     (a)   persons who are or have been directors or officers of the company;

     (b)   persons who are or have been professional service providers to the company; and

     (c)   persons who are or have been employees of the company, during the period of one year immediately preceding the relevant date.

(4)   Where any persons are required under this section to submit a statement of affairs to the liquidator, they shall do so, subject to subsection (5), before the end of the period of twenty-one days beginning with the day after that on which the prescribed notice of the requirement is given to them by the liquidator.

(5)   The liquidator may release a person from an obligation imposed on him under subsection (1) or, when giving the notice mentioned in subsection (4) or subsequently, the liquidator may extend the time for compliance; and if the liquidator refuses to extend the time for compliance, the Court may do so.

(6)   In this section-

"relevant date" means-

     (a)   in a case where a provisional liquidator is appointed, the date of his appointment; and

     (b)   in any other case, the commencement of the winding up.

(7)   A person who, without reasonable excuse, fails to comply with any obligation imposed under this section commits an offence and is liable on conviction to a fine of ten thousand dollars.

102. (1)   Where a winding up order is made by the Court, the liquidator shall be empowered to investigate-

     (a)   if the company has failed, the causes of the failure; and

     (b)   generally, the promotion, business, dealings and affairs of the company,

and to make such report, if any, to the Court as he thinks fit.

*Investigation by liquidator*

(2)   Subject to obtaining the directions of the Court, the liquidator shall have power to -

     (a)   assist the Authority and the Royal Cayman Islands Police Service to investigate the conduct of persons referred to in section 101(3); and

     (b)   institute and conduct a criminal prosecution of persons referred to in section 101(3).

(3)   Subject to obtaining the prior approval of the company's creditors, if it is insolvent, or its contributories, if it is solvent, the directions given under subsection (2) may include a direction that the whole or part of the costs of investigation and prosecution be paid out of the assets of the company.

103. (1)   This section applies to any person who, whether resident in the Islands or elsewhere-

*Duty to co-operate and the private examination of relevant persons*

*Companies Law (2016 Revision)*

(a)    has made or concurred with the statement of affairs;

(b)    is or has been a director or officer of the company;

(c)    is or was a professional service provider to the company;

(d)    has acted as a controller, advisor or liquidator of the company or receiver or manager of its property;

(e)    not being a person falling within paragraphs (a) to (c), is or has been concerned or has taken part in the promotion, or management of the company,

and such person is referred to in this section as the "relevant person".

(2)    It is the duty of every relevant person to co-operate with the official liquidator.

(3)    While a company is being wound up, the official liquidator may at any time before its dissolution apply to the Court for an order-

(a)    for the examination of any relevant person; or

(b)    that a relevant person transfer or deliver up to the liquidator any property or documents belonging to the company.

(4)    Unless the Court otherwise orders, the official liquidator shall make an application under subsection (3) if he is requested in accordance with the rules to do so by one-half, in value, of the company's creditors or contributories.

(5)    On an application made under subsection (3) (a), the Court may order that a relevant person-

(a)    swear an affidavit in answer to written interrogatories;

(b)    attend for oral examination by the official liquidator at a specified time and place, or

(c)    do both things specified in paragraphs (a) and (b).

(6)    The Court may direct that any creditor or contributory of the company be permitted by the official liquidator to participate in an oral examination.

(7)    The Court shall have jurisdiction-

(a)    to make an order under this section against a relevant person resident outside the Islands; and

(b)    to issue a letter of request for the purpose of seeking the assistance of a foreign court in obtaining the evidence of a relevant person resident outside the jurisdiction.

### Official Liquidators

Appointment and powers of provisional liquidator

104. (1)    Subject to this section and any rules made under section 155, the Court may, at any time after the presentation of a winding up petition but before the making of a winding up order, appoint a liquidator provisionally.

(2)    An application for the appointment of a provisional liquidator may be made under subsection (1) by a creditor or contributory of the company or, subject to subsection (6), the Authority, on the grounds that-

    (a)    there is a *prima-facie* case for making a winding up order; and

    (b)    the appointment of a provisional liquidator is necessary in order to-

      (i)    prevent the dissipation or misuse of the company's assets;

      (ii)    prevent the oppression of minority shareholders; or

      (iii)    prevent mismanagement or misconduct on the part of the company's directors.

(3)    An application for the appointment of a provisional liquidator may be made under subsection (1) by the company *ex-parte* on the grounds that-

    (a)    the company is or is likely to become unable to pay its debts within the meaning of section 93; and

    (b)    the company intends to present a compromise or arrangement to its creditors.

(4)    A provisional liquidator shall carry out only such functions as the Court may confer on him and his powers may be limited by the order appointing him.

(5)    The remuneration of the provisional liquidator shall be fixed by the Court from time to time on his application and the Court shall in fixing such remuneration act in accordance with rules made under section 155.

(6)    An application for the appointment of a provisional liquidator may be presented by the Authority on the grounds under subsection (2), in respect of any company which is carrying on a regulated business in the Islands upon the grounds that it is not duly licensed or registered to do so under the regulatory laws or for any other reason as provided under the regulatory laws or any other law regardless of whether or not the Authority presented the winding up petition.

105. (1)    For the purpose of conducting the proceedings in winding up a company and assisting the Court therein, there may be appointed one or more than one person to be called an official liquidator or official liquidators; and the Court may appoint to such office such person as it thinks fit, and if more persons than one are appointed to such office, the Court shall declare whether any act hereby required or authorised to be done by the official liquidator is to be done by all or any or more of such persons.

*Appointment of official liquidator*

(2)    The Court may also determine whether any and what security is to be given by an official liquidator on his appointment; and if no official liquidator is appointed, or during any vacancy in such office, all the property of the company shall be in the custody of the Court.

*Companies Law (2016 Revision)*

(3)   The liquidator shall, within twenty-eight days of the date upon which the winding up order is made, summon-

(a)   a meeting of the company's creditors if the order was made on the grounds that the company is insolvent; or

(b)   a meeting of the company's contributories if the order was made on grounds other than insolvency,

for the purposes of resolving any other matters which the liquidator puts before the meeting.

(4)   The Court may make an order dispensing with the need to summon a meeting under this section or extending the time within which it shall be summoned.

**Appointment of joint liquidators**

106. When two or more persons are appointed to the office of liquidator, either provisionally or as official liquidators, they shall be authorised to act jointly and severally, unless their powers are expressly limited by order of the Court.

**Removal of official liquidators**

107. An official liquidator may be removed from office by order of the Court made on the application of a creditor or contributory of the company.

**Qualifications of official liquidators**

108. (1)   A foreign practitioner may be appointed to act jointly with a qualified insolvency practitioner.

(2)   Official liquidators are officers of the Court.

**Remuneration of official liquidators**

109. (1)   The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.

(2)   There shall be paid to the official liquidator such remuneration, by way of percentage or otherwise, that the Court may direct acting in accordance with rules made under section 155; and if more liquidators than one are appointed such remuneration shall be distributed amongst them in such proportions as the Court directs.

**Function and powers of official liquidators**

110. (1)   It is the function of an official liquidator-

(a)   to collect, realise and distribute the assets of the company to its creditors and, if there is a surplus, to the persons entitled to it; and

(b)   to report to the company's creditors and contributories upon the affairs of the company and the manner in which it has been wound up.

(2)   The official liquidator may-

**Schedule 3**

(a)   with the sanction of the Court, exercise any of the powers specified in Part I of Schedule 3; and

(b)   with or without that sanction, exercise any of the general powers specified in Part II of Schedule 3.

(3)   The exercise by the liquidator of the powers conferred by this section is subject to the control of the Court, and subject to subsection (5), any creditor or contributory may apply to the Court with respect to the exercise or proposed exercise of such powers (hereinafter referred to as a "sanction application").

(4)   In the case of-

    (a)   a solvent company, a sanction application may only be made by a contributory and the creditors shall have no right to be heard;

    (b)   an insolvent company, a sanction application may only be made by a creditor and the contributories shall have no right to be heard; and

    (c)   a company whose solvency is doubtful, a sanction application may be made by both contributories and creditors and both contributories and creditors shall have a right to be heard.

(5)   For the purposes of this section, a person shall be treated as a related to a company if-

    (a)   he has acted for the company as a professional service provider;

    (b)   he is or was a shareholder or director of the company or of any other company in the same group as the company;

    (c)   he has a direct or indirect beneficial interest in the shares of the company; or

    (d)   he is a creditor or debtor of the company.

### General Powers of the Court

111. (1)   The Court may at any time after an order for winding up, on the application either of the liquidator or any creditor or contributory, and on proof to the satisfaction of the Court that all proceedings in the winding up ought to be stayed, make an order staying the proceedings either all together or for a limited time, on such terms and conditions as the Court thinks fit.

*Power to stay winding up*

(2)   The Court may at any time after the liquidation has commenced under section 116 (c), but before the final meeting has been held as provided for in section 127, on the application of the liquidator accompanied by-

    (a)   a special resolution stating that the company will not be wound up and setting out the reasons for such decision;

    (b)   proof of a recall notice published in the Gazette; and

    (c)   such other documents as the Court may consider necessary,

make an order to recall the liquidation, place the company into active status and place the company back into good standing as it was prior to the commencement of liquidation under section 116(c), on such terms and conditions as the Court thinks fit.

(3)   A company shall, within seven days of the making of an order under this section, forward a copy of the order to the Registrar who shall enter it in the records relating to the company.

Settlement of list of contributories

112. (1)   The liquidator shall settle a list of contributories, if any, for which purpose he shall have power to adjust the rights of contributories amongst themselves.

(2)   In the case of a solvent liquidation of a company which has issued redeemable shares at prices based upon its net asset value from time to time, the liquidator shall have power to settle and, if necessary rectify the company's register of members, thereby adjusting the rights of members amongst themselves.

(3)   A contributory who is dissatisfied with the liquidator's determination may appeal to the Court against such determination.

Power to make calls

113. (1)   The Court may, at any time after making a winding up order, and either before or after it has ascertained the sufficiency of the company's assets, make calls on all or any of the contributories for the time being settled on the list of the contributories-

(a)   to the extent of their liability, for the payment of any money which the Court considers necessary to satisfy the company's debts and liabilities and the expenses of winding up; and

(b)   to the adjustment of the rights of the contributories among themselves,

and make an order for payment of any call so made.

(2)   In making a call the Court may take into consideration the probability that some of the contributories may partly or wholly fail to pay it.

Inspection of documents by creditors, etc.

114. (1)   At any time after making a winding up order the Court may make such orders as it thinks fit for-

(a)   the inspection of the company's documents by creditors and contributories; and

(b)   the preparation of reports by the official liquidator and the provision of such reports to the company's creditors and contributories.

(2)   A contributory shall be entitled to make an application under this section notwithstanding that the company is or may be insolvent and the Court shall not refuse to make an order upon the application of a contributory merely by reason of the fact that the company is or may be insolvent.

Meetings to ascertain wishes of creditors or contributories

115. (1)   The Court shall, as to all matters relating to the winding up, have regard to wishes of the creditors or contributories and for that purpose it may

*Companies Law (2016 Revision)*

direct reports to be prepared by the official liquidator and meetings of creditors or contributories to be summoned.

(2)   If it considers it necessary to do so, the Court may direct that separate meetings be held of different classes of creditors or contributories.

(3)   Subject to Rules made under section 155, meetings may be requisitioned by creditors, if the company is insolvent, or by contributories if the company is solvent.

(4)   The votes of creditors and contributories shall be counted by reference to-

    (a)   the value of their debts, in the case of creditors;

    (b)   the number of votes, in the case of contributories whose shares carry voting rights under the articles of association of the company; and

    (c)   the par value of all the shares held, in the case of contributories whose shares do not carry votes under the articles of association of the company and, where there are no par value shares, the net asset value of the company shown.

## Voluntary Winding up

116. A company incorporated and registered under this Law or an existing company may be wound up voluntarily-

    (a)   when the period, if any, fixed for the duration of the company by its memorandum or articles of association expires;

    (b)   if the event, if any, occurs, on the occurrence of which the memorandum or articles of association provide that the company is to be wound up;

    (c)   if the company resolves by special resolution that it be wound up voluntarily; or

    (d)   if the company in general meeting resolves by ordinary resolution that it be wound up voluntarily because it is unable to pay its debts as they fall due.

*Circumstances in which a company may be wound up voluntarily*

117. (1)   A voluntary winding up is deemed to commence-

    (a)   at the time of the passing of the resolution for winding up; or

    (b)   on the expiry of the period or the occurrence of the event specified in the company's memorandum or articles of association,

*Commencement of winding up*

notwithstanding that a supervision order is subsequently made by the Court.

*Companies Law (2016 Revision)*

(2)   Subject to any contrary provision in its memorandum or articles of association, the voluntary winding up of an exempted limited duration company is taken to have commenced upon the expiry of a period of ninety days starting on-

(a)   the death, insanity, bankruptcy, dissolution, withdrawal, retirement or resignation of a member of the company;

(b)   the redemption, repurchase or cancellation of all the shares of a member of the company; or

(c)   the occurrence of any event which, under the memorandum or articles of association of the company, terminates the membership of a member of the company,

unless there remain at least two members of the company and the company is continued in existence by the unanimous resolution of the remaining members pursuant to amended memorandum and articles of association adopted during that period of ninety days.

Effect on business and status of the company

118. (1)   In the case of a voluntary winding up, the company shall from the commencement of its winding up cease to carry on its business except so far as it may be beneficial for its winding up.

(2)   Notwithstanding anything to the contrary contained in the company's articles of association, its corporate state and powers shall continue until the company is dissolved.

Appointment of voluntary liquidator

119. (1)   One or more liquidators shall be appointed for the purpose of winding up the company's affairs and distributing its assets.

(2)   When the winding up has commenced in accordance with the company's memorandum or articles of association upon the termination of a fixed period or the occurrence of an event-

(a)   the persons designated as liquidators in the memorandum or articles of association shall become such liquidators automatically from the commencement of the winding up; or

(b)   if no such person is designated in the memorandum or articles of association or the person designated is unable or unwilling to act, the directors shall convene a general meeting of the company for the purpose of appointing a liquidator.

(3)   Except in the case of a person designated as liquidator in the company's memorandum or articles of association, the appointment of a voluntary liquidator shall take effect upon the filing of his consent to act with the Registrar.

(4)   If a vacancy occurs by death, resignation or otherwise in the office of voluntary liquidator appointed by the company-

(a)   the company in a general meeting may fill the vacancy; or

(b)   the Court may fill the vacancy on the application of any contributory or creditor.

(5)   On the appointment of a voluntary liquidator all the powers of the directors cease, except so far as the company in a general meeting or the liquidator sanctions their continuance.

(6)   When two or more persons are appointed as voluntary liquidators jointly, they shall be authorised to act jointly and severally unless their powers are expressly limited by the resolution or articles of association under which they are appointed.

120. Any person, including a director or officer of the company, may be appointed as its voluntary liquidator.

*Qualifications of voluntary liquidators*

121. (1)   A voluntary liquidator may be removed from office by a resolution of the company in a general meeting convened especially for that purpose.

*Removal of voluntary liquidators*

(2)   A general meeting of the company for the purpose of considering a resolution to remove its voluntary liquidator may be convened by any shareholder or shareholders holding not less than one fifth of the company's issued share capital.

(3)   Whether or not a general meeting has been convened in accordance with subsection (2), any contributory may apply to the Court for an order that a voluntary liquidator be removed from office on the grounds that he is not a fit and proper person to hold office.

122. (1)   Where two or more persons are appointed as joint voluntary liquidators, they may resign by filing a notice of resignation with the Registrar, so long as at least one of them continues in office.

*Resignation of voluntary liquidator*

(2)   Except as provided in subsection (1), a voluntary liquidator wishing to resign shall-

(a)   prepare a report and accounts; and
(b)   convene a general meeting of the company for the purpose of accepting his resignation and releasing him from the performance of any further duties, and shall cease to hold office with effect from the date upon which the resolution is passed.

(3)   In the event that the company fails to pass a resolution accepting his resignation, the voluntary liquidator may apply to the Court for an order that he be released from the performance of any further duties.

123. (1)   Within twenty-eight days of the commencement of a voluntary winding up, the liquidator or, in the absence of any liquidator, the directors shall-

*Notice of voluntary winding up*

(a)   file notice of the winding up with the Registrar;
(b)   file the liquidator's consent to act with the Registrar;

*Companies Law (2016 Revision)*

    (c)    file the director's declaration of solvency with the Registrar (if the supervision of the court is not sought);

    (d)    in the case of a company carrying on a regulated business, serve notice of the winding up upon the Monetary Authority; and

    (e)    publish notice of the winding up in the Gazette.

(2)   A director or liquidator who fails to comply with this section commits an offence and is liable to a fine of ten thousand dollars.

**Application for supervision order**

124. (1)   Where a company is being wound up voluntarily its liquidator shall apply to the Court for an order that the liquidation continue under the supervision of the Court unless, within twenty-eight days of the commencement of the liquidation, the directors have signed a declaration of solvency in the prescribed form in accordance with subsection (2).

(2)   A declaration of solvency means a declaration or affidavit in the prescribed form to the effect that a full enquiry into the company's affairs has been made and that to the best of the directors' knowledge and belief the company will be able to pay its debts in full together with interest at the prescribed rate, within such period, not exceeding twelve months from the commencement of the winding up, as may be specified in the declaration.

(3)   A person who knowingly makes a declaration under this section without having reasonable grounds for the opinion that the company will be able to pay its debts in full, together with interest at the prescribed rate, within the period specified commits an offence and is liable on summary conviction to a fine of ten thousand dollars and to imprisonment for two years.

**Avoidance of share transfers**

125. Any transfer of shares, not being a transfer with the sanction of the liquidator, and any alteration in the status of the company's members made after the commencement of a voluntary winding up is void.

**General meeting at year's end**

126. (1)   In the event of a voluntary winding up continuing for more than one year, the liquidators shall summon a general meeting of the company at the end of the first year from the commencement of the winding up and at the end of each succeeding year and such meetings shall be held within three months of each anniversary of the commencement of the liquidation.

(2)   At each meeting the liquidator shall lay before the meeting a report and account of his acts and dealings and the conduct of the winding up during the preceding year.

(3)   A liquidator who fails to comply with this section commits an offence and is liable on conviction to a fine of ten thousand dollars.

**Final meeting prior to dissolution**

127. (1)   As soon as the company's affairs are fully wound up, the liquidator shall make a report and an account of the winding up showing how it has been conducted and how the company's property has been disposed off and thereupon

shall call a general meeting of the company for the purpose of laying before it the account and giving an explanation for it.

(2)    At least twenty-one days before the meeting the liquidator shall send a notice specifying the time, place and object of the meeting to each contributory in any manner authorised by the company's articles of association and published in the Gazette.

(3)    The liquidator shall, no later than seven days after the meeting, make a return to the Registrar in the prescribed form specifying-

  (a)    the date upon which the meeting was held; and
  (b)    if a quorum was present, particulars of the resolutions, if any, passed at the meeting.

(4)    A liquidator who fails to call a general meeting of the company as required by subsection (1) or fails to make a return as required by subsection (3) commits an offence and is liable on conviction to a fine of ten thousand dollars.

128.  Where a company limited by guarantee and having a capital divided into shares is being wound up voluntarily, any share capital that may not have been called upon shall be deemed to be an asset of the company, and to be a speciality debt due from each member to the company to the extent of any sums that may be unpaid on any shares held by him, and payable at such time as may be appointed by the liquidator.

*Effect of winding up on share capital of company limited by guarantee*

129. (1)    The voluntary liquidator or any contributory may apply to the Court to determine any question arising in the voluntary winding up of a company or to exercise, as respects the enforcing of calls or any other matter, all or any of the powers which the Court might exercise if the company were being wound up under the supervision of the Court.

*Reference of questions to Court*

(2)    The Court, if satisfied that the determination of the question or the required exercise of power will be just and beneficial, may accede wholly or partly to the application on such terms and conditions as it thinks fit, or make such other order on the application as it thinks just.

(3)    The voluntary liquidator shall, within seven days of the making of an order under this section, forward a copy of the order to the Registrar who shall enter it in his records relating to the company.

130. (1)    The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.

*Expenses of voluntary winding up*

(2)    The rate and amount of the liquidator's remuneration shall be fixed and payment authorised by resolution of the company.

(3)    Each report and account laid before the company in general meetings by its liquidator shall contain all such information, including the rate at which the

*Companies Law (2016 Revision)*

liquidator's remuneration is calculated and particulars of the work done, as may be necessary to enable the members to determine what expenses have been properly incurred and what remuneration is properly payable to the liquidator.

(4)  If the company fails to approve the liquidator's remuneration and expenses or the liquidator is dissatisfied with the decision of the company, he may apply to the Court which shall fix the rate and amount of his remuneration and expenses.

## Winding up subject to the supervision of the Court

Application for supervision order

131.  When a resolution has been passed by a company to wind up voluntarily, the liquidator or any contributory or creditor may apply to the Court for an order for the continuation of the winding up under the supervision of the Court, notwithstanding that the declaration of solvency has been made in accordance with section 124, on the grounds that-

(a)  the company is or is likely to become insolvent; or
(b)  the supervision of the Court will facilitate a more effective, economic or expeditious liquidation of the company in the interests of the contributories and creditors.

Appointment of official liquidator

132. (1)  When making a supervision order the Court-

(a)  shall appoint one or more qualified insolvency practitioners; and
(b)  may, in addition, appoint one or more foreign practitioners,

as liquidator or liquidators of the company and section 105 shall apply as if the Court had made a winding up order.

(2)  Unless a voluntary liquidator is appointed as an official liquidator, he shall prepare a final report and accounts within twenty-eight days from the date of the supervision order.

Effect of supervision order

133.  A supervision order shall take effect for all purposes as if it was an order that the company be wound up by the Court except that-

(a)  the liquidation commenced in accordance with section 117; and
(b)  the prior actions of the voluntary liquidator shall be valid and binding upon the company and its official liquidator.

## Offences of fraud, etc.

Fraud, etc. in anticipation of winding up

134. (1)  Where a company is ordered to be wound up by the Court, or passes a resolution for voluntary winding up, any person, who is or was an officer, professional service provider, voluntary liquidator or controller of the company and who, within the twelve months immediately preceding the commencement of the winding up, has-

*Companies Law (2016 Revision)*

(a)  concealed any part of the company's property to the value of ten thousand dollars or more or concealed any debt due to or from the company;

(b)  removed any part of the company's property to the value of ten thousand dollars or more;

(c)  concealed, destroyed, mutilated or falsified any documents affecting or relating to the company's property or affairs;

(d)  made any false entry in any documents affecting or relating to the company's property or affairs;

(e)  parted with, altered or made any omission in any document affecting or relating to the company's property or affairs; or

(f)  pawned, pledged or disposed of any property of the company which has been obtained on credit and has not been paid for (unless the pawning, pledging or disposal was in the ordinary way of the company's business),

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine and to imprisonment for five years.

(2)   In this section-

"officer" includes a shadow director.

135. Where a company is ordered to be wound up by the Court or passes a resolution for voluntary winding up, any officer or professional service provider of the company who-

> *Transactions in fraud of creditors*

(a)  has made or caused to be made any gift or transfer of, or charge on, or has caused or connived at the levying of any execution against, the company's property; or

(b)  has concealed or removed any part of the company's property,

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine and to imprisonment for five years.

136. (1)   Where a company is being wound up, whether by the Court or voluntarily, a person who is or was a director, officer or professional service provider of the company and who-

> *Misconduct in course of winding up*

(a)  does not to the best of his knowledge and belief fully and truly discover to the liquidator-

(i)   all the company's property (except such part as has been disposed of in the ordinary way of the company's business);

(ii)   the date on which and manner in which the company's property or any part thereof property was disposed of, if it was disposed of;

(iii)   the persons to whom any property was transferred, if it was disposed of; or

*Companies Law (2016 Revision)*

          (iv)   the consideration paid for any property which was disposed of;

    (b)   does not deliver up to the liquidator or does not deliver up in accordance with the directions of the liquidator any of company's property which is in his custody or under his control, and which he is required by law to deliver up;

    (c)   does not deliver up to the liquidator or does not deliver up, in accordance with the directions of the liquidator, all documents in his custody or under his control which belong to the company and which he is required by law to deliver up;

    (d)   knows or believes that a false debt has been proved by any person in the winding up and fails to inform the liquidator of such knowledge or belief as soon as practicable;

    (e)   prevents the production of any document affecting or relating to the company's property or affairs; or

    (f)   destroys, mutilates, alters or falsifies any books, papers or securities, or makes or is privy to the making of any false or fraudulent entry in any register, book of account or document belonging to the company,

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine of twenty five thousand dollars or to imprisonment for a term of five years, or to both.

(2)   In this section-

"officer" includes a shadow director.

**Material omissions from statement relating to company's affairs**

137. (1)   Where a company is being wound up, whether by the Court or voluntarily, a person who is or was a director, an officer a manager or a professional service provider of the company, commits an offence if he makes any material omission in any statement relating to the company's affairs, with intent to defraud the company's creditors or contributories.

(2)   A person who commits an offence under subsection (1) is liable on conviction to a fine of twenty-five thousand dollars or to imprisonment for a term of five years, or to both.

(3)   In this section-

"officer" includes a shadow director.

## General provisions

**Getting in the company's property**

138. (1)   Where any person has in his possession any property or documents to which the company appears to be entitled, the Court may require that person to pay, transfer or deliver such property or documents to the official liquidator.

(2)   Where the official liquidator seizes or disposes of any property which he reasonably believed belonged to the company, he shall not be personally liable for any loss or damage caused to its true owner except in so far as such losses or damage is caused by his own negligence.

139. (1)   All debts payable on a contingency and all claims against the company whether present or future, certain or contingent, ascertained or sounding only in damages, shall be admissible to proof against the company and the official liquidator shall make a just estimate so far as is possible of the value of all such debts or claims as may be subject to any contingency or sound only in damages or which for some other reason do not bear a certain value.

(2)   Foreign taxes, fines and penalties shall be admissible to proof against the company only if and to the extent that a judgment in respect of the same would be enforceable against the company pursuant to the Foreign Judgments Reciprocal Enforcement Law (1996 Revision) or any laws permitting the enforcement of foreign taxes, fines and penalties.

140. (1)   Subject to subsection (2), the property of the company shall be applied in satisfaction of its liabilities *pari passu* and subject thereto shall be distributed amongst the members according to their rights and interests in the company.

(2)   The collection in and application of the property of the company referred to in subsection (1) is without prejudice to and after taking into account and giving effect to the rights of preferred and secured creditors and to any agreement between the company and any creditors that the claims of such creditors shall be subordinated or otherwise deferred to the claims of any other creditors and to any contractual rights of set-off or netting of claims between the company and any person or persons (including without limitation any bilateral or any multi-lateral set-off or netting arrangements between the company and any person or persons) and subject to any agreement between the company and any person or persons to waive or limit the same.

(3)   In the absence of any contractual right of set-off or non set-off, an account shall be taken of what is due from each party to the other in respect of their mutual dealings, and the sums due from one party shall be set-off against the sums due from the other.

(4)   Sums due from the company to another party shall not be included in the account taken under subsection (3) if that other party had notice at the time they became due that a petition for the winding up of the company was pending.

(5)   Only the balance, if any, of the account taken under subsection (3) shall be provable in the liquidation or, as the case may be, payable to the liquidator as part of the assets.

141. (1)   In the case of an insolvent company, the debts described in Schedule 2 shall be paid in priority to all other debts.

Provable debts

1996 Revision

Distribution of the company's property

Preferential debts
Schedule 2

*Companies Law (2016 Revision)*

(2)   The preferential debts shall-

(a)   rank equally amongst themselves and be paid in full unless the assets available, after having exercised any rights of set-off or netting of claims, are insufficient to meet them in which case they shall abate in equal proportions; and

(b)   so far as the assets of the company available for payment of general creditors are insufficient to meet them, have priority over the claims of holders of debentures secured by, or holders of any floating charge created by the company, and be paid accordingly out of any property comprised in or subject to that charge.

**Secured creditors**

142. (1)   Notwithstanding that a winding up order has been made, a creditor who has security over the whole or part of the assets of a company is entitled to enforce his security without the leave of the Court and without reference to the liquidator.

(2)   Where the liquidator sells assets on behalf of a secured creditor, he is entitled to deduct from the proceeds of sale a sum by way of remuneration equivalent to that which is or would be payable under section 109.

**Preferential charge on goods distrained**

143. In the event of a landlord or other person entitled to receive rent distraining or having distrained on any goods or effects of the company within three months preceding the date of the winding up order, the debts to which priority is given by section 141 shall be a first charge on the goods or effects so distrained on or the proceeds of sale thereof.

**Effect of execution or attachment**

144. (1)   Where a creditor has issued execution against the goods or land of a company or has attached any debt due to it, and the company is subsequently wound up, he is not entitled to retain the benefit of the execution or attachment against the liquidator unless he has completed the execution or attachment before the commencement of the winding up.

(2)   Notwithstanding subsection (1)-

(a)   where a creditor has had notice of a meeting having been called at which a resolution for voluntary winding up is to be proposed, the date on which he had notice is substituted for the purpose of subsection (1) for the date of commencement of the winding up;

(b)   a person who purchases in good faith under a sale by the bailiff any goods of a company on which execution has been levied in all cases acquires a good title to them against the liquidator; and

(c)   the rights conferred by subsection (1) on the liquidator may be set aside by the Court in favour of the creditor to such extent and subject to such terms as the Court thinks fit.

(3)   For the purposes of this Law-

(a)   an execution against goods is completed by seizure and sale;

(b)   an execution against securities is completed upon making a charging order absolute;

(c)   an attachment of a debt is completed by receipt of the debt; and

(d)   an execution against land is completed by the registration of a charging order.

145. (1)   Every conveyance or transfer of property, or charge thereon, and every payment obligation and judicial proceeding, made, incurred, taken or suffered by any company in favour of any creditor at a time when the company is unable to pay its debts within the meaning of section 93 with a view to giving such creditor a preference over the other creditors shall be invalid if made, incurred, taken or suffered within six months immediately preceding the commencement of a liquidation.

Voidable preference

(2)   A payment made as aforesaid to a related party of the company shall be deemed to have been made with a view to giving such creditor a preference.

(3)   For the purposes of this section a creditor shall be treated as a "related party" if it has the ability to control the company or exercise significant influence over the company in making financial and operating decisions.

146. (1)   In this section and section 147-

Avoidance of dispositions made at an undervalue

2011 Revision

(a)   "disposition" has the meaning ascribed in Part VI of the Trusts Law (2011 Revision);

(b)   "intent to defraud" means an intention to wilfully defeat an obligation owed to a creditor;

(c)   "obligation" means an obligation or liability (which includes a contingent liability) which existed on or prior to the date of the relevant disposition;

(d)   "transferee" means the person to whom a relevant disposition is made and shall include any successor in title; and

(e)   "undervalue" in relation to a disposition of a company's property means-

(i)   the provision of no consideration for the disposition; or

(ii)   a consideration for the disposition the value of which in money or monies worth is significantly less than the value of the property which is the subject of the disposition.

(2)   Every disposition of property made at an undervalue by or on behalf of a company with intent to defraud its creditors shall be voidable at the instance of its official liquidator.

(3)   The burden of establishing an intent to defraud for the purposes of this section shall be upon the official liquidator.

(4)   No action or proceedings shall be commenced by an official liquidator under this section more than six years after the date of the relevant disposition.

*Companies Law (2016 Revision)*

(5)   In the event that any disposition is set aside under this section, then if the Court is satisfied that the transferee has not acted in bad faith-

    (a)   the transferee shall have a first and paramount charge over the property, the subject of the disposition, of an amount equal to the entire costs properly incurred by the transferee in the defence of the action or proceedings; and

    (b)   the relevant disposition shall be set aside subject to the proper fees, costs, pre-existing rights, claims and interests of the transferee (and of any predecessor transferee who has not acted in bad faith).

**Fraudulent trading**

147. (1)   If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud creditors of the company or creditors of any other person or for any fraudulent purpose the liquidator may apply to the Court for a declaration under this section.

(2)   The Court may declare that any persons who were knowingly parties to the carrying on of the business in the manner mentioned in subsection (1) are liable to make such contributions, if any, to the company's assets as the Court thinks proper.

**Supply of utilities**

148. (1)   If a request is made by or with the concurrence of the liquidator (including a provisional liquidator) for the giving, after the effective date, of any of the supplies mentioned in the subsection (2), the supplier-

    (a)   may make it a condition of the giving of the supply that the liquidator personally guarantees the payment of any charges in respect of the supply; but

    (b)   shall not make it a condition of the giving of the supply, or do anything which has the effect of making it a condition of the giving of the supply, that any outstanding charges in respect of a supply given to the company before the effective date are paid.

(2)   The supplies referred to in subsection (1) are-

    (a)   a supply of electricity;

    (b)   a supply of water; and

    (c)   a supply of telecommunication services.

(3)   In this section-

"effective date" means-

    (a)   the date on which the provisional liquidator was appointed; or

    (b)   the date on which the winding up order was made.

**Interest on debts**

149. (1)   Subject to subsection (5), in a winding up interest is payable in accordance with this section on any debt proved in the winding up, including so much of any such debt as represents interest on the remainder of the debt.

(2)  Any surplus remaining after the payment of the debts proved in a winding up shall, before being applied for any other purpose, be applied in paying interest on those debts in respect of the period during which they have been outstanding since the company went into liquidation.

(3)  All interest under this section ranks equally, whether or not the debts on which it is payable ranked equally.

(4)  The rate of interest payable under this section in respect of any debt is the greater of -

(a)  the rate applicable to the currency of the liquidation prescribed from time to time by the Judgment Debts (Rates of Interest) Rules made under section 34 of the Judicature Law (2013 Revision); and

*2013 Revision*

(b)  the rate applicable to that debt apart from the winding up.

(5)  No interest shall be payable if the liquidation is concluded in less than six months or the accrued amount is less than five hundred dollars.

150. (1)  In the case of a solvent liquidation, a company's creditors are entitled to receive payment of their debts in the currency of the obligation.

*Currency of the liquidation*

(2)  In the case of an insolvent liquidation, a company's liabilities shall be translated into the functional currency of the company at the exchange rates ruling-

(a)  on the date of the commencement of the voluntary liquidation; or
(b)  on the day upon which the winding up order is made.

(3)  For the purposes of this section the functional currency of a company is the currency of the primary economic environment in which it operated as at the commencement of the liquidation.

### Dissolution of a Company

151. (1)  The Registrar shall, within three days of receiving a liquidator's return under section 127(3), register such return.

*Dissolution following voluntary winding up*

(2)  Upon the expiration of three months from the registration of the return the company is deemed to be dissolved.

(3)  Notwithstanding subsection (2), the Court may, on the application of the liquidator or any other person who appears to the Court to be interested, make an order deferring the date at which the dissolution of the company is to take effect to such date as the Court thinks fit.

(4)  An application under this section shall not be made after the company is deemed to have been dissolved.

*Companies Law (2016 Revision)*

(5)   An order of the Court made under this section shall be registered with the Registrar within seven days of the date upon which it was made.

<div style="float:left; width:25%;">Dissolution following winding up by the Court</div>

152. (1)   When the affairs of the company have been completely wound up, the Court shall make an order that the company be dissolved from the date of that order or such other date as the Court thinks fit, and the company shall be dissolved accordingly.

(2)   The effect of an order for dissolution in respect of a segregated portfolio is that its creditors' claims against the company shall be extinguished, notwithstanding that the company has not been liquidated and dissolved.

(3)   The official liquidator shall file the order for dissolution with the Registrar.

(4)   An official liquidator who fails to file the order for dissolution with the Registrar within fourteen days from the date upon which it was perfected, commits an offence and is liable on summary conviction to a penalty of ten dollars for every day during which he is so in default.

<div>Unclaimed dividends and undistributed assets</div>

153. (1)   Any unclaimed dividends or undistributed assets in the possession or control of the liquidator or former liquidator of a company shall be held by him as trustee upon trust for the benefit of the contributories or creditors to whom such funds are owed.

(2)   At the end of one year after the dissolution of the company, the former liquidator shall transfer any funds or other assets held on trust by him to the Minister charged with responsibility for Financial Services who shall manage them in accordance with Part VIII of the Public Management and Finance Law (2013 Revision).

<div>2013 Revision</div>

## Insolvency rules and regulations

<div>Insolvency Rules Committee</div>

154. (1)   There shall be established an Insolvency Rules Committee comprising-

(a)   the Chief Justice or other judge nominated by the Chief Justice in his place who shall be chairman;

(b)   the Attorney General or his nominee;

(c)   the legal practitioner members of the Grand Court Rules Committee;

(d)   a qualified insolvency practitioner appointed by the Chief Justice upon the recommendation of the Cayman Islands Society of Professional Accountants; and

(e)   a person appointed by the Chief Justice who, in his opinion, demonstrates a wide knowledge of law, finance, financial regulation or insolvency practice.

*Companies Law (2016 Revision)*

(2)   The quorum of the Insolvency Rules Committee shall be the chairman and three other members of the Committee; and the chairman shall have a casting vote.

155. (1)   The Insolvency Rules Committee shall have power-

    (a)   to make rules and prescribe forms for the purpose of giving effect to Parts IV, V and XVI;

    (b)   to prescribe court fees to be paid in connection with -

        (i)   applications under Part IV;

        (ii)   winding up proceedings under Part V; and

        (iii)   applications under Part XVI; and

    (c)   to make rules for the purpose of specifying -

        (i)   the qualifications which must be held by a person appointed to the office of official liquidator;

        (ii)   persons who are disqualified from holding office as official liquidator either generally or in relation to a particular company which is not in liquidation before the court;

        (iii)   the nature and scope of professional indemnity insurance, if any, required to be held by persons appointed to the office of official liquidators; and

        (iv)   the nature and scope of security bonds, if any, required to be posted by persons appointed to the office of official liquidator.

Powers of the
Insolvency Rules
Committee

(2)   The Insolvency Rules Committee, after consultation with the Authority and with any organisation representing insolvency practitioners in the Islands, shall make rules prescribing the rates of fees which may be charged by an official liquidator.

*Companies Law (2016 Revision)*

SCHEDULE 3
Part II

**Powers exercisable without sanction**

1.    The power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as he considers necessary.

2.    The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

3.    The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

4.    The power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with the respect of the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

5.    The power to promote a scheme of arrangement pursuant to section 86.

6.    The power to convene meetings of creditors and contributories.

7.    The power to do all other things incidental to the exercise of his powers.