MORGAN, LEWIS & BOCKIUS LLP

Joshua Dorchak
Matthew C. Ziegler
Melissa Y. Boey
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6700
Facsimile: (212) 309-6000

– and –

John C. Goodchild, III
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5020
Facsimile: (215) 963-5001

*Counsel to Margot MacInnis and Cosimo Borrelli, as*
*Joint Official Liquidators of Platinum Intermediate Fund*

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN OFFICIAL LIQUIDATION), *et al.*[1] | : | Chapter 15 |
| | : | Case No. 16-12925 (SCC) |
| Debtors in Foreign Proceedings. | : | |
| In re: | : | |
| PLATINUM PARTNERS VALUE ARBITRAGE INTERMEDIATE FUND LTD. (IN OFFICIAL LIQUIDATION);[2] | : | Chapter 15 |
| | : | Case No. 17-_____ (___) |
| Debtors in Foreign Proceedings. | : | |

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (1954); and Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) (2356).

[2] The last four digits of this debtor's United States Tax Identification Number, or similar foreign identification number, is 9530.

1

## MOTION FOR ENTRY OF ORDER AUTHORIZING JOINT ADMINISTRATION OF DEBTOR'S CHAPTER 15 CASE PURSUANT TO BANKRUPTCY RULE 1015(b)

Margot MacInnis and Cosimo Borrelli, duly appointed joint official liquidators (the "Petitioners" or "Liquidators") of Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation) (the "Intermediate Fund") which has been placed into liquidation (the "Cayman Liquidation") by the Financial Services Division of the Grand Court of the Cayman Islands (the "Grand Court") (Cause No. FSD 30 of 2017 (AJJ)) pursuant to a petition for the winding up of the Intermediate Fund under section 92 of the Companies Law of the Cayman Islands (2016 Revision) (the "Companies Law"), by its undersigned United States counsel, respectfully submit this motion (the "Motion") seeking entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the above-captioned cases for procedural purposes only. In support of this Motion, the Liquidators respectfully submit as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated as of February 1, 2012. This case has been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of a petition for recognition of the Cayman Liquidation pursuant to 11 U.S.C. § 1515 of the Bankruptcy Code.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

3.      The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## Background

4.  Contemporaneously with the filing of this Motion, the Petitioner filed the *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "<u>Verified Petition</u>"), as well as the *Declaration of Margot MacInnis in support of the Chapter 15 Petition for Recognition as Foreign Main Proceeding* (the "<u>MacInnis Declaration</u>") and the *Declaration of Ian Lambert in support of the Chapter 15 Petition for Recognition as Foreign Main Proceeding* (the "<u>Lambert Declaration</u>"). Further background information is set forth in the Verified Petition and the MacInnis Declaration; the Court may find therein detailed narratives regarding the Intermediate Fund and the Cayman Liquidation, leading to the commencement of this chapter 15 case.

## Relief Requested

5.  Pursuant to Bankruptcy Rule 1015(b), the Liquidators seek entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "<u>Order</u>"), directing (a) the joint administration of this chapter 15 case, for procedural purposes only, with the pending Chapter 15 proceedings of *Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation)* (the "<u>Master Fund</u>") and *Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation)* (the "<u>International Fund</u>") (collectively, with the Intermediate Fund, the "<u>Funds</u>") currently before this Court, and (b) parties in interest to use the consolidated caption to indicate that any pleading filed relates to the jointly administered chapter 15 cases.

6.  The Liquidators further request that the caption of this chapter 15 case be modified to reflect its joint administration with the Master Fund and International Fund proceedings.

7.  The Liquidators propose that all notices, applications, motions, and other pleadings filed in the jointly administered chapter 15 cases utilize the following consolidated caption (the "Proposed Caption"):

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

| | |
|---|---|
| In re:<br><br>PLATINUM PARTNERS VALUE<br>ARBITRAGE FUND L.P. (IN<br>PROVISIONAL LIQUIDATION), *et al.*,[1]<br><br>Debtors in<br>Foreign Proceedings. | Chapter 15<br><br>Case No. 16-12925 (SCC)<br><br>(Jointly Administered) |

------------------------------------------------X

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (1954); Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) (2356); and Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation) (9530).

8.  The Liquidators request that the Court maintain the file and docket for the Intermediate Fund's chapter 15 cases under the case number assigned to the Master Fund, and that these chapter 15 cases be jointly administered under the new Proposed Caption.

9.  In addition, the Liquidators request that the Court authorize and direct that a notation substantially similar to the following be entered on the docket of the Intermediate Fund's chapter 15 case to evidence the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of this chapter 15 case, *Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation)*, with the pending chapter 15 cases of *Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation)* and *Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation)*. The docket in Case No. 16-12925 should be consulted for all matters affecting this case.

10. Further, the Liquidators request that the Court authorize the Liquidators to use a combined service list for the jointly administered cases and that combined notices be sent to the Funds' relevant stakeholders and parties in interest, as applicable.

11. In support of this Motion, the Liquidators refer the Court to the statements and arguments contained in the *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "Verified Petition"), (b) the *Declaration of Margot MacInnis in support of the Chapter 15 Petition for Recognition as Foreign Main Proceeding* (the "MacInnis Declaration"), and (c) the *Declaration of Ian Lambert in support of the Chapter 15 Petition for Recognition as Foreign Main Proceeding* (the "Lambert Declaration"), all of which were filed contemporaneously herewith and are incorporated herein by reference.

### Basis for Relief Requested

12. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

13. As detailed in the Verified Petition, the Intermediate Fund is an affiliate of the Master Fund, as defined under section 101(2)(B) of the Bankruptcy Code, as it owns or controls, either directly or indirectly, greater than twenty (20) percent of the outstanding voting securities of the Master Fund. Accordingly, this court is authorized to consolidate these cases for procedural purposes.

14. In addition to Bankruptcy Rule 1015(b), the Petitioners submit that the relief requested herein is also available pursuant to section 105(a) of the Bankruptcy Code. Section 105(a), made applicable in chapter 15 cases pursuant to section 103(a), permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Here, the master/feeder structure between the three Funds, which this Court is already familiar with, further justify the benefits of joint administration. As the Intermediate Fund was an entity designed to be a conduit between the Master Fund and the International Fund, the financial affairs and the winding-up of the Funds are closely interrelated. Joint administration will allow for the efficient and convenient administration of these interrelated chapter 15 cases, will yield significant cost savings and will not prejudice the substantive rights of any party in interest.

15. Because joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders, the Funds and their estates will save substantial time and expense. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative dockets, pleadings and papers. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "Clerk"). The United States Trustee for the Southern District of New York and other parties in interest will similarly benefit from joint administration of these chapter 15 cases by sparing them the time and effort of reviewing duplicative dockets, pleadings and papers.

16. Joint administration will permit the Clerk to use a single docket for the three Funds' cases and to combine notices to creditors and other parties in interest of the three Funds. Joint administration also will protect parties in interest in these cases by ensuring that they will be apprised of the various matters before the Court in all of these cases. The Liquidators further request that the Proposed Caption set forth above be approved as the modified caption for these three chapter 15 cases.

17. Joint administration will not adversely affect creditors' or other parties' rights because this Motion requests only the administrative consolidation of the estates. This Motion does not seek substantive consolidation. As such, each creditor and party in interest will maintain whatever rights it has against the particular debtor against which it allegedly has a claim or right. Intercompany claims will not be affected, and the Funds will maintain separate records of assets and liabilities.

18. The Liquidators submit that the joint administration of these chapter 15 cases is in the best interests of the Funds, their creditors and all other interested parties, and that no conflict of interest will arise as a result of joint administration. Requiring separate administration of these chapter 15 cases would subject the Funds and creditors to a substantial administrative burden. In particular, because the Master Fund and the International Fund are already being jointly administered by this Court, the separate administration of the Intermediate Fund would likely create unnecessary confusion for all involved or interested parties. Accordingly, the Liquidators respectfully request the immediate entry of an order providing for the joint administration of the Intermediate Fund's chapter 15 case with the jointly administered cases of the Master Fund and the International Fund.

WHEREFORE, the Liquidators respectfully request that the Court grant the relief requested herein by entry of an order substantially in the form of the Proposed Order annexed hereto as **Exhibit A**, and grant such other and further relief as it deems just and proper.

Dated: August 17, 2017
      New York, New York

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Joshua Dorchak*
Joshua Dorchak
Matthew C. Ziegler
Melissa Y. Boey
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6700
Facsimile: (212) 309-6000

- and -

John C. Goodchild, III
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5020
Facsimile: (215) 963-5001

*Counsel to Margot MacInnis and Cosimo Borrelli, as Joint Official Liquidators of Platinum Intermediate Fund*