MORGAN, LEWIS & BOCKIUS LLP

Joshua Dorchak
Matthew C. Ziegler
Melissa Y. Boey
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6700
Facsimile: (212) 309-6000

- and -

John C. Goodchild, III
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5020
Facsimile: (215) 963-5001

*Counsel to Margot MacInnis and Cosimo Borrelli, as
Joint Official Liquidators of Platinum Intermediate Fund*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

In re:

PLATINUM PARTNERS VALUE
ARBITRAGE INTERMEDIATE FUND LTD.
(IN OFFICIAL LIQUIDATION),[1]

         Debtors in
         Foreign Proceedings.

------------------------------------------------X

Chapter 15

Case No. 17-_____ (____)

(Joint Administration Requested)

## MOTION FOR ORDER SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE AND SCHEDULING HEARING ON PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING

---

[1] The last four digits of the debtor's United States Tax Identification Number, or similar foreign identification number, is 9530.

Margot MacInnis and Cosimo Borrelli, duly appointed joint official liquidators (the "Petitioners" or "Liquidators") of Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation) (the "Intermediate Fund"), which has been placed into liquidation (the "Cayman Liquidation") by the Financial Services Division of the Grand Court of the Cayman Islands (the "Grand Court") (Cause No. FSD 30 of 2017 (AJJ)) pursuant to a petition for the winding up of the Intermediate Fund under section 92 of the Companies Law of the Cayman Islands (2016 Revision) (the "Companies Law"), by its undersigned United States counsel, respectfully submit this motion (the "Motion"), seeking entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) approving the notice of filing of the Official Form B401 petition and *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code* (the "Verified Petition," and, together with the Official Form B401 petition, the "Petition") in the form attached hereto as **Exhibit B** (the "Notice"); (ii) specifying the manner of service of the Notice; and (iii) scheduling a hearing on the Petition and the recognition of a foreign proceeding for the Intermediate Fund. In support of the Motion, the Liquidators state as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of title 11 of the United States Code (the "Bankruptcy Code"), and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated February 1, 2012.

2.  The venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1410(3) to promote the efficiency and administration of justice, as the entities above and below

the Intermediate Fund in the group entity structure are already currently in jointly administered Chapter 15 proceedings before this Court.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested herein are sections 105(a), 1514, and 1515 of the Bankruptcy Code, and Rules 2002, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### RELIEF REQUESTED

5. Pursuant to section 1517(a) of the Bankruptcy Code, "[a] court may enter an order recognizing a foreign proceeding "after notice and a hearing." 11 U.S.C. § 1517(a).

6. Bankruptcy Rule 2002(q)(1) provides that 21 days' notice of a hearing on a petition for recognition of a foreign proceeding must be given to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct." Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007, in turn, provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m) and 9007.

7. The Liquidators request that the Notice be approved by this Court pursuant to Bankruptcy Rules 2002(m) and 9007, and that they be permitted to serve the Notice, the Petition, and the Petition's supporting documents (collectively, the "Service Documents") to the Intermediate Fund and all persons, bodies, and entities required by Bankruptcy Rule 2002(q)(1) by U.S. mail, first-class postage prepaid or its appropriate equivalent, by overnight courier or by

3

hand if practicable, or by electronic mail where addresses are available, upon all parties required under Fed. R. Bankr. P. 2002(q), within three (3) business days of the entry of the Proposed Order or other order granting the relief requested herein. The Petitioners request that the Court approve the foregoing as adequate and sufficient notice of the Service Documents.

8. The Petitioners respectfully request that if any party files a notice of appearance in this case, the Petitioners shall serve the Service Documents and subsequent notices upon such party within ten (10) days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

9. The Petitioners also request that the Court require all responses to the Service Documents ("Responses") to be made in accordance with the Bankruptcy Code, the local rules of this Court, and the Bankruptcy Rules, including, without limitation, Rule 1011 of the Federal Rules of Bankruptcy Procedure, in writing describing the basis therefor, which Response must be filed with the Office of the Clerk of the Court, One Bowling Green, New York, NY 10004-1408, and served upon counsel for the Liquidators so as to be received by the date set in accordance with the Local Rules. Notices to counsel for the Liquidators should be addressed to Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178, Att'n: Joshua Dorchak and Matthew Ziegler.

10. The Petitioners respectfully request that a hearing to consider the Petition be scheduled at a time convenient for the Court and the parties, in accordance with Bankruptcy Rule 2002(q).

11. The Petitioners further request that the Court grant this Motion without notice to creditors. The Petitioners will serve notice of the signed order in accordance with the procedures

set forth in this Motion. In light of the nature of the relief requested, the Petitioners submit and request that this Court hold that no further notice is required.

**WHEREFORE**, Petitioners, as Foreign Representatives, respectfully request (i) entry of the Proposed Order in the form attached hereto as **Exhibit A** approving the Notice in the form attached hereto as **Exhibit B**, specifying the manner of service of the Notice; (ii) the scheduling of a hearing on the Petition; and (iii) a waiver of the requirements of Section 1514(c) of the Bankruptcy Code.

| | |
|---|---|
| Dated: August 17, 2017<br>New York, New York | MORGAN, LEWIS & BOCKIUS LLP<br><br>*/s/ Joshua Dorchak*<br>Joshua Dorchak<br>Matthew C. Ziegler<br>Melissa Y. Boey<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 309-6700<br>Facsimile: (212) 309-6000<br><br>- and -<br><br>John C. Goodchild, III<br>1701 Market Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 963-5020<br>Facsimile: (215) 963-5001<br><br>*Counsel to Margot MacInnis and Cosimo Borrelli, as Joint Official Liquidators of Platinum Intermediate Fund* |