IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

PLATINUM PARTNERS VALUE
ARBITRAGE INTERMEDIATE FUND LTD.
(IN OFFICIAL LIQUIDATION),[1]

                Debtors in
                Foreign Proceedings.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Chapter 15

Case No. 17-12269 (SCC)

**ORDER SPECIFYING THE FORM AND MANNER OF
SERVICE OF NOTICE AND SCHEDULING RECOGNITION HEARING**

      Margot MacInnis and Cosimo Borrelli, duly appointed joint official liquidators (the "Petitioners" or "Liquidators") of Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation) (the "Intermediate Fund") which has been placed into liquidation (the "Cayman Liquidation") by the Financial Services Division of the Grand Court of the Cayman Islands (the "Grand Court") (Cause No. FSD 30 of 2017 (AJJ)) pursuant to a petition for the winding up of the Intermediate Fund under section 92 of the Companies Law of the Cayman Islands (2016 Revision) (the "Companies Law"), have submitted a *Motion for Order Specifying Form and Manner of Service of Notice and Scheduling Hearing on Petition For Recognition of Foreign Main Proceeding* (the "Motion") filed on August 17, 2017. The Court has reviewed the Motion, the Official Form B401 petition, and the *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief Pursuant to Sections 1504, 1509,*

---

[1] The last four digits of the debtor's United States Tax Identification Number, or similar foreign identification number, is 9530.

*1515, 1517, 1520, and 1521 of the Bankruptcy Code* (the "Verified Petition," and, together with the Official Form B401 petition, the "Petition"),[2] and all documents filed in support of the Petition, and the Court having determined that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) venue is proper in this district pursuant to 28 U.S.C. § 1410, and after due deliberation and good and sufficient cause appearing for the relief requested in the Motion,

**NOW, THEREFORE, IT IS HEREBY ORDERED as follows:**

1. The Motion is **GRANTED.**

2. The form of the Notice attached as Exhibit B to the Motion is **APPROVED.**

3. Copies of the Notice and Service Documents must be served within three (3) business days after entry of this Order by U.S. mail, first-class postage prepaid or its appropriate equivalent, by overnight courier or by hand if practicable, or by electronic mail where addresses are available, upon all parties required under Fed. R. Bankr. P. 2002(q).

4. If any party files a notice of appearance in this case, the Petitioners shall serve the Service Documents upon such party within ten (10) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

5. Service of the Service Documents in accordance with this Order is **APPROVED** as adequate and sufficient notice and service of the Service Documents on all interested parties.

6. All responses to the Service Documents ("Responses") must be made in accordance with the Bankruptcy Code, the local rules of this Court, the Bankruptcy Rules, including, without limitation, Rule 1011 of the Federal Rules of Bankruptcy Procedure, and the

---

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

form of the Notice attached as **Exhibit B** to the Motion, in writing describing the basis therefor, which Response must be filed with the Office of the Clerk of the Court, One Bowling Green, New York, NY 10004-1408, and served upon counsel for the Liquidators so as to be received by the date set in form of the Notice attached as Exhibit B to the Motion.

7. All notice requirements set forth in section 1514(c) of the Bankruptcy Code are hereby waived.

8. Bankruptcy Rule 1010 does not apply to a petition seeking recognition of a foreign main proceeding and, accordingly, the summons requirement in Bankruptcy Rules 1010(a) and 1011(b) is inapplicable.

9. A hearing on the Petition is scheduled before the Honorable Shelley C. Chapman on October 12, 2017, at 9:30 a.m., in the U.S. Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Recognition Hearing").

10. This Court shall retain jurisdiction with respect to any and all matters arising out of or relating to the interpretation or implementation of this Order.

Dated: September 13, 2017

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE